SPOFFORD and others *vs.* MANNING & CROMMELINE.

A purchaser of real estate cannot claim the same as a bona fide purchaser without notice, as against the equitable right of a third person who at the time of such purchase was in the actual possession of the premises claiming to be the owner thereof in fee.

Where a defendant demurred to both discovery and relief as to part of the complainant's bill, and answered as to the residue but in his answer inserted a general denial of knowledge as to any matters of the bill other than those which he had answered, and concluded his answer with the usual traverse; *Held,* that such answer covered a part of the discovery to which the demurrer related, and therefore overruled the demurrer.

Where a legacy or devise is given to the legatee or devisee upon a condition, either express or implied, such legatee or devisee cannot in equity be permitted to take the benefit of the legacy or devise without performing the condition; and if he accepts the legacy, or enters into possession of the estate devised, or sells the same, without a previous performance of the condition, the court of chancery will compel him to perform it.

Where a father who had a life estate only in real property, the remainder in fee belonging to his children, sold such property in fee and gave a bond to the purchaser to secure to him a conveyance of the premises by the children when they became of age, and the father afterwards died, during the minority of some of the children, leaving a large real and personal estate which he by his will gave to his children on condition that they confirmed such sale of the premises, and the children afterwards took possession of the property devised under the will; *Held,* that the grantees of the property sold and conveyed by the father were in equity entitled to be protected against the legal title of the children to the remainder, after the death of their father, in the premises thus conveyed.

THIS case came before the chancellor upon an appeal from an order of the vice chancellor of the first circuit, overruling the demurrer of the defendant Manning to the complainants' bill. The object of the bill was to restrain the defendants from proceeding in an ejectment suit, which they had commenced for the recovery of an undivided part of lot No. 27 Peck slip, in the city of New-York, and to quiet the complainants in their title to and possession of that lot. The bill alleged that in 1775 J. Rosevelt, who was then the owner of the premises, devised the same to James Crommeline for life with remainder to his children in fee; that in 1804 J. Crommeline, together with two of his seven children, the others then being minors, conveyed the prem-

March 21.

ises in fee to Moses Hoyt ; and that J. Crommeline the father gave a bond to the purchaser, in which he covenanted that his other children should convey to Hoyt, or his-assigns, their respective interests in the premises when they should be-come of lawful age. The complainants had derived their title to the premises from Hoyt, and the premises had been possessed under the title thus acquired down to the time of the commencemeut of this suit. J. Crommeline died in 1808, possessed of a large real and personal estate, which by his will he devised to his children on condition that they confirmed this, and other sales which he had made un-der like circumstances, by executing deeds therefor, as the two eldest sons had already done ; and that in case either of his said children should refuse or neglect to confirm the sales, his or their portions of the estate should remain as a security to the purchasers, and the child so refusing should not have the same. After the children came of age, they all executed releases of portions of the lands which had been previously conveyed by their father, and most of them exe-cuted a release of the lot in question. The bill also alleged that all the children of James Crommeline, after they be-came of age, affirmed the sale to Hoyt and elected to take under the will, and received monies and other property un-der the same ; that Charles Crommeline, one of the children, afterwards died intestate, leaving the other six his heirs at law ; and that the defendants had brought an ejectment suit for the recovery of two-sevenths and two-thirds of one other seventh of the premises, on the ground that Charles, Alfred and Edward Crommeline had not executed any con-veyance of their shares of the premises to the complainants or to those under whom they claim.

The defendant Manning demurred to so much of the bill as related to the will of James Crommeline, as sought to make title by or under the same to the premises, and as to all discovery and relief sought against him in relation to the will. He also put in an answer claiming two-sevenths and one-third of another seventh of the premises, by a convey-ance from Alfred Crommeline, his co-defendant, in April, 1831 ; Edward having previously conveyed his interest in

1837.

Spofford
v.
Manning.

the premises to Alfred. And he averred that at the time he purchased and paid the money and obtained his conveyance he had no notice or knowledge of any right, title or *claim* of Moses Hoyt, or of those under whom the complainants claim, to the parts or shares of Charles, Edward or Alfred or of either of them. After answering and admitting or denying a part of the allegations in the bill, he concluded by stating that he was a stranger to and ignorant as to all the other matters and transactions in the bill stated; and without admitting the same to be true, left the complainants to prove the same as they should be advised.

*H. W. Warner*, for the appellant. The complainants cannot claim under the will of James Crommeline. To raise a case of election under a will, there must be a form of a gift as to the property which the donor had no power to dispose of. James Crommeline did not devise the premises in question to Moses Hoyt or to any other person; consequently the complainants cannot claim the premises under the will. The clause in the will, if relied on as forming a condition to the devise of the testator to his children therein named, is void for uncertainty. And the children took the estate devised discharged from the condition. The condition was inoperative and void, because there was no devise of the property over, in case of non-performance, to those for whose benefit it was intended; and the heir at law alone can take advantage of a breach of condition. The nature of such a condition is repugnant to the estate devised; which being in fee, without a devise over, the condition was necessarily void. And the declaration that the estate devised should, in case of non-performance of the condition, be and remain as a security to purchasers of estates belonging to the children, though sold by the testator, was nugatory and only in terrorem. But supposing the condition prescribed in this clause as sufficient to defeat the devise to the children, in case of non-performance, still the estate so devised must necessarily be and remain in the children or their assigns, until divested by the claim and entry of the heirs at law, who alone can take advantage of a non-per-

formance. The condition, if it is such, being a subsequent condition and the estate being vested by virtue of the devise in the children, in fee, and the lot in question not being given to Hoyt by the will, a court of equity, though .it may relieve to prevent the divesting of an estate, yet cannot relieve to give an estate that never vested. As Hoyt never had either a legal or equitable title, he had no power to dispose of the lot to the complainants. The bond of James Crommeline to Moses Hoyt did not give to Moses Hoyt either a legal or equitable title to the premises. If the will should be construed into a case of election with respect to its devises, yet there is nothing in the will or in the complainant's bill to extend it to the defendant Manning, who does not claim under the will and cannot be estopped by it. (*Weale* v. *Lower*, 2 *Vern*. 306. *Sugden*, 140. *Cruise's Dig. Estate for Life*, § 95, 97. 10 *Vesey*, 609. 3 *Ves. & Beam*. 199. 1 *Loui*. 105. 2 *Con. Eng. Ch. Rep*. 53. 2 *Vernon*, 581. *Amb*. 388. 13 *Ves*. 209. 6 *Dowe*, 149. 1 *Swanst*. 359, 381, *n. a*. 3 *Atk*. 715. 9 *Cowen*, 241. 5 *T. R*. 564. 2 *New Rep*. 451. 2 *Vern*. 624. 2 *P. Wms*. 136, 188. *Cas. Temp. Talbot*, 240, *note* 242. 4 *Brown's Ch*. 180. 11 *John. Rep*. 218. 2 *Cruise*, *tit*. 13, *Estate on Con. ch*. 1, § 15, *and ch*. 2, § 49. 2 *Eq. Cas. Abr*. 549, *pl*. 29. *Amb*. 259. 1 *Wil. Rep*. 135. 1 *Com. Dig. tit. Condition*, (*T*,) *pl*. 121. 7 *Cowen*, 187. 9 *John. Rep*. 104. 2 *Black. Comm*. 302. 2 *Co. Litt*. 366, *b, and* 367 *a*, *and Har. & But. notes* 366, 7, *note* 316. *Co. Litt*. 295, 6. 2 *Black. Comm*. 325. 8 *Cowen*, 543. 1 *Ves*. 285. 13 *Idem*, 220.)

*E. Paine*, for the respondents. The case made by the bill and demurrer is one of election, sufficient, if made out by proof, to entitle the complainants to the relief prayed. (*Ambler*, 540. *Notes to Dillon* v. *Parker*, 1 *Swanst*. 359, 408. 1 *Edward's Rep*. 206. 13 *Ves*. 220. 2 *Sch. & Lef*. 267, 8. 13 *Price*, 782, *S. C*. 1 *M. Sel*. 541, *S. C*. 1 *Bligh, N. S*. 401. 3 *Bro. C. C*. 165, *and n*. 2 *Sch. & Lef*. 450. 1 *Sim*. 105. 1 *Ves. jr*. 525. 5 *Id*. 515. 10 *Id*. 609. 19 *Id*. 656, 665, 6. 18 *Id*. 49. 3 *Id*. 65. 1 *Jac*.

317. 1 *Dow.* 249. 2 *Ves. & Beam.* 127, 187. 4 *Bro. C. C.* 21, 24. 1 *Swanst.* 359. 3 *Russel,* 256, 7. 3 *Bro. P. C.* 178, *n.* 2 *Ves. jr.* 696.) The case made by the bill being one of election, it is not necessary that the lot in question should be devised by the will to the grantor of the complainants, or that there should be any form of gift to him in the will. The form of gift is in another instrument which the will refers to, and makes it a condition expressed with perfect certainty, that the devisees shall not take under the will unless they affirm the gift by the other instrument. They have made their election, and are bound by it. (*Cases above cited and* 1 *Sim.* 109 ; 3 *Bro. P. C.* 178.) The causes of demurrer to the discovery are bad if the demurrer to the relief is bad ; for the discovery is incidental to the relief and proper if we are entitled to the relief. The case is a proper one for equitable relief and we cannot have a complete remedy at law. Election is peculiarly a doctrine of equity, and although courts of law may sometimes notice it, it is only in clear and simple cases. It is not a legal but equitable defence. (1 *Sch. & Lef.* 450, 2. 10 *John. Rep.* 587. *Caines' Cas. in Er.* 1. 17 *John. Rep.* 384. 1 *John. Ch. Rep.* 166.) There are grounds of relief in the bill not demurred to, which entitle us to come into equity. And the court having jurisdiction as to these, will also retain it as to the election. (10 *John. Rep.* 587. 17 *Id.* 384.) Fraud or accident, viz. the loss of the release gives the complainant jurisdiction. Besides if we are entitled to a release, we wish to use it in defence of the action of ejectment, and we can obtain it in equity only.

THE CHANCELLOR. Without reference to the merits of the question involved in the demurrer to a portion of the bill in this case, I think the decision of the vice chancellor was clearly right in disallowing the demurrer ; as it is unquestionably overruled by the answer. That part of the answer in which the defendant sets up his defence as a purchaser without notice of any right or claim on the part of Hoyt or of those who had derived title from him, would be, if true, a defence to the equitable right claimed under the

1837.

Spofford
v.
Manning.

will and the subsequent election by the children after they became of age. And although the defendant will not be able to avail himself of the defence of a bona fide purchaser if it should turn out that the complainants were at the time of the purchase in the actual possession claiming the premises in fee, as that would be sufficient to put him upon inquiry both as to their legal and equitable rights, the demurrer is still overruled by this part of the answer. Again; the concluding allegation, denying all knowledge as to any of the matters of the bill other than those which he had answered, with the general traverse of the answer, puts in issue and answers all the matters attempted to be covered by the demurrer. But as it may save further litigation between these parties to dispose of the case upon the merits, which were fully argued upon the appeal, I will proceed to examine the question whether the devise to the children, and their acceptance of property devised and bequeathed to them by the will, was an equitable bar to their claim to the reversion in the lands, which their father had previously conveyed to Hoyt and others, under the circumstances of this case, even if no release has been executed by them conveying the legal estate.

Upon this part of the case I perfectly agree with the vice chancellor in the view he has taken of this question in the case of *Leonard* v. *Crommeline*, (1 *Edw. Ch. Rep.* 206,) which was a suit in relation to another of the lots conveyed by J. Crommeline under similar circumstances. The principle is this, that where a legacy or devise is given upon a condition, either express or implied, the legatee or devisee cannot in equity be permitted to take the benefit thereof without performing the condition upon which it is given. And if he receives the legacy, or enters into possession of or disposes of the property devised without previously performing the condition, this court will compel him to perform it. This principle is fully exemplified in the case of *The Earl of Northumberland* v. *The Marquis of Granby,* (1 *Eden's Rep.* 486.) There a legatee was entitled to an interest under a marriage settlement; and the legacy of furniture and other things was given upon condition of his

executing a release of that interest. The legatee having taken possession of the furniture bequeathed to him, and died without executing the release, Lord Northington decreed his executors to execute the same, although the property released was much more valuable. That decision was afterwards affirmed upon a re-hearing before Lord Camden. (2 *Blunt's Ambler*, 657.) The case under consideration is an ordinary case of election, like a legacy or bequest in lieu of dower. In such cases, where the legatee or devisee has a right independent of the testator, if the devise or bequest is upon condition either express or implied that such right shall be relinquished if the party accept of the conditional gift, it is in equity a relinquishment of the right ; and this court will compel him to execute a proper release or conveyance where it is necessary to extinguish the right at law. The party who is bound to make the election undoubtedly is entitled to a reasonable time to inquire and ascertain whether it is for his interest to accept the gift and relinquish the right. But if he accept the gift without waiting to ascertain what is his interest in the matter his election is determined, and he cannot afterwards refuse to relinquish the right on the ground that the gift was not a fair equivalent therefor. In the case of *Lord Lonsdale*, (1 *Sim. Rep.* 105,) which was much relied upon by the appellant's counsel, there was no conveyance or devise of the school house, or of the land upon which it stood, to the charity ; and no intimation in the will that the testator wished the legatee to relinquish his estate in remainder in the land. The legacy in that case was therefore absolute and not conditional.

In this case the allegation in the bill, and which is admitted by the demurrer, is, that the testator devised a large real and personal estate to his children, which they were not to have unless they released their right to the lands that he had previously conveyed ; and that after they were of age, they not only took the property devised to them on this condition, but that they actually executed a release to some portions of the lands conveyed. This was decisive as to the equitable rights of those who had derived title to

the premises in question under Hoyt to have a release of the rights of all the children in this lot. And if such a release has not been already given, the defendant Manning who has obtained the legal estate must now execute it, unless he can protect himself as a bona fide purchaser. If he succeeds in establishing such a defence, of which there is little probability from the facts stated in the bill, the complainants will be entitled to their remedy over against Alfred Crommeline for the value of that part of the property, which he has disposed of contrary to equity.

The decretal order appealed from is affirmed with costs; and the proceedings must be remitted to the vice chancellor. The complainants to have 30 days to file their exceptions, for the purpose of obtaining a further answer to the part of the bill covered by the demurrer, as well as to any other parts thereof which are not already fully answered.(a)

(a) See also *Talbot* v. *The Earl of Radnor*, (3 *My. & Keen's Rep.* 254,) in which it was held that a legatee could not accept and take a legacy which was beneficial to him and, at the same time, reject one which was onerous and would be a burthen upon the estate.