SCHOHARIE SPECIAL TERM, May, 1848.　*Harris*, Justice.

BRAMAN *vs.* WILKINSON and others,

WILKINSON *vs.* BRAMAN and others.

The proper time for filing a cross-bill is before a replication is filed to the answer of the defendant to the original bill.

If a cross-bill is filed after issue is joined in the original cause, proceedings will only be stayed upon showing a satisfactory excuse for the delay in filing the cross-bill.

As a general rule, a cross-bill is only necessary when the defendant is entitled to some affirmative relief.

It is not proper to file a cross-bill where the party can obtain, in the original suit, the same relief asked for by the cross-bill.

Where, at the time of the execution of a mortgage, a person other than the mortgagor is in the actual possession of the mortgaged premises, such possession is sufficient to put the mortgagee upon inquiry as to the rights of the person in possession; and he cannot claim protection against such rights as a bona fide mortgagee without notice.

IN EQUITY.　Bill and cross-bill.　On the 8th day of August, 1845, George Wilkinson being the owner of a farm in Richfield, Otsego county, executed, together with his wife, a mortgage thereon to secure to John Marshall the payment of $500, with interest, in two years.　On the 30th of August in the same year Wilkinson conveyed his farm to his two children, Myron G. Wilkinson and Caroline M. Wilkinson, who on the 14th of July, 1846, executed a mortgage upon the same premises to Elias Braman, to secure $1000 with interest, payable in ten years—interest to be paid annually.　The mortgage to Marshall was also subsequently assigned to Braman.　On the 18th of August, 1847, Braman filed his bill to foreclose both mortgages, claiming that the second mortgage was held by him as security for a loan of $550 only.　George Wilkinson and his wife put in an answer to the bill, stating that when the conveyance was made to Myron G. Wilkinson and Caroline M. Wilkinson it was agreed and an instrument was executed by them, to the effect that George Wilkinson should occupy and enjoy the farm during his natural life, and that they should pay the Marshall mortgage and indemnify George Wilkinson

against the same; that such agreement was the only consideration for the conveyance of the farm, and that in pursuance of such agreement George Wilkinson had ever since remained in the peaceable possession and enjoyment of the farm. It is also alleged in the answer that the amount due on the Marshall mortgage was included in the mortgage executed by Myron G. Wilkinson and Caroline M. Wilkinson to Braman; that the consideration of that mortgage was the Marshall mortgage and a loan to Myron G. Wilkinson and Caroline M. Wilkinson of $300 and a store debt against them, or one of them, to make up the amount of $1000. A replication to the answer having been filed, a stipulation was entered into between the parties that it should be referred to S. Crippen to take the proofs in the cause and report the proofs and facts to the court. Proofs were thus taken on the part of the plaintiff, and the referee reported the proofs to the court. The cause was noticed for hearing at a special term held at Utica on the first Monday of March. At that term a motion was also made, on behalf of the defendants, to strike the cause from the calendar, and for leave to take proofs on the part of the defendants. An order was made allowing the plaintiff to take a decree of foreclosure, but directing proceedings upon such decree to be stayed, upon terms specified in the order, until the defendants could take their proofs and bring the cause to a hearing. The conditions of the order were subsequently modified by stipulation between the parties; and before any proofs were taken, under the order, George Wilkinson filed his cross-bill against Braman and Myron G. Wilkinson and Caroline M. Wilkinson, stating substantially the same facts as were stated in his answer, except that he did not insist that the Marshall mortgage was satisfied by taking the second mortgage. The cross-bill prayed that the conveyance executed by George Wilkinson to his children might be declared void, and that Braman might be allowed only the amount of the Marshall mortgage with interest and costs. A motion was now made that all proceedings in the original suit be stayed until the defendants in the cross-bill should have put in their answer.

*J. S. Davenport & A. Becker*, for George Wilkinson.

*J. Hyde*, for Braman.

HARRIS, J.    The proper time for filing a cross-bill is before a replication is filed to the answer of the defendant to the original bill.    If a cross-bill is filed after issue is joined in the original cause, proceedings will only be stayed upon showing a satisfactory excuse for the delay in filing the cross-bill.    I do not deem it necessary to inquire, in this case, whether or not such excuse is shown ; for the reason that I think the plaintiff in the cross-bill is mistaken in supposing a cross-bill necessary.    Assuming, as I do for the purpose of this motion, that the facts stated in the cross-bill are true, I think all the relief to which the plaintiff in that bill would be entitled can be obtained in the original suit.    As a general rule, a cross-bill is only necessary when the defendant is entitled to some affirmative relief.    In this case I cannot see that the defendant is, upon his own showing, entitled to any such relief.    If he shows, as he may do upon the issue joined in the original suit, that when he conveyed to his children, the agreement set forth in his answer was executed, and that at the time of the execution of the mortgage to Braman he was in possession of the farm, the lien upon the farm which Braman acquired by his mortgage would probably be held to be subject to his life estate.    For, although Braman may not in fact have known that he was entitled to such life estate, yet as George Wilkinson was, at the time the mortgage was taken by Braman, in the actual possession of the farm, such possession was sufficient to put him upon inquiry as to the rights of the party so in possession ; and he cannot claim protection against such rights as a bona fide mortgagee without notice.    (*Spofford* v. *Manning*, 6 *Paige*, 383.)    On the other hand, as it is not claimed in the cross-bill that the Marshall mortgage was merged in the mortgage executed by Myron G. Wilkinson and Caroline M. Wilkinson to Braman ; nothing appears, even in the cross-bill itself, which should preclude Braman from a decree of foreclosure upon that mortgage.    Nor does the

Braman *v.* Wilkinson.

cross-bill show such a state of facts as would entitle the plaintiff in that bill to a decree setting aside the conveyance to his children. In the arrangement made with them at the time of the conveyance, he took their personal covenant to pay the Marshall mortgage; upon which they would undoubtedly be liable to him, in case he should be compelled to pay the mortgage to save the farm. And he would also, I think, have an equitable lien upon the premises, superior to that of Braman's mortgage for the amount he should thus be compelled to pay. But these are questions which it is not necessary now to decide. They more properly belong to the final hearing of the cause. Having come to the conclusion that the whole defence in the case can be taken and made available in the original suit, the motion to stay proceedings in that suit must be denied.

The decree made in the original suit is manifestly erroneous. It makes no provision for staying proceedings in case of the payment, before sale, of the amount actually due; and it charges George Wilkinson personally with the deficiency upon both mortgages. Under any circumstances, therefore, the defendant would be entitled to have that decree modified; and if he can establish the defence set up in his answer, he will be entitled to have a very different decree entered. I think he should be permitted to take proofs in support of his defence. Notwithstanding the laches on his part, it may be that substantial injustice may be done to him by precluding him from the opportunity of proving his defence, even now. I shall therefore direct that he have until the 20th day of July next to examine witnesses and produce proofs before the referee appointed under the stipulation between the parties; and that the plaintiff have until the first day of August next to examine witnesses and produce rebutting evidence. And that all proceedings upon the decree made in March last be stayed in the mean time. The defendant must be charged with the costs of opposing the motion.