JUDGE BULLITT
delivered the opinion oe the court:
diaries Duncan, who died in 1853, devised land to his mother for life, remainder to his brother, James C. Duncan, “upon the condition that he pay to my sister, Sarah A. Duncan, one thousand dollars.” Sarah A. Duncan married the appellee, Prentice. In 1856 James G. Duncan paid $500 to Prentice and wife, for which they gave a receipt stating that the money was in part payment of the said bequest of $1,000. Mrs. Prentice died in 1857, and James G. Duncan was appointed her administrator The devisee of the life estate is living. Prentice brought this suit against James C. Duncan for the residue of said $1,000. The pleadings show that Mrs. Prentice owed no debts at the time of her death. The defendant filed an answer denying that he has accepted the de *217 vise to him, and contending that he is not bound to pay the $500 until the remainder shall come into his possession, and that then the heirs, and not the husband of Mrs. Prentice, will, be entitled thereto. The court below gave a judgment against the defendant for the $500, from which he appeals.
If, as the appellant contends, the testator intended that the $1,000 should be paid after the termination of the life-estate devised to his mother, then it seems clear that the remainder vested immediately after the testator’s death, and that the condition as to the payment of the legacy was a subsequent and not a precedent condition. (Hayden vs. Stoughton, 5 Pick., 534; Downer vs. Downer, 9 Watts, 60; Wheeler vs. Walker, 2 Conn., 201; Spence vs. Robbins, 6 Gill John., 507; Finlay, &c. vs. King's lessee, 3 Peters, 346.)
It does not appear what was the age of the devisee of the life-estate, nor what was the value of the land, nor is there any fact conducing to show what was the testator’s intention, as to the time when the legacy should be paid, except the provisions of the will previously stated. In our opinion the most reasonable inference is, that the testator did not intend to require payment of the legacy until the termination of the life-estate. In this we are sustained by the case of Spence vs. Robbins, above cited, which is the only direct authority that we have found upon the subject.
Whether or not a court of equity' would have charged the remainder with the legacy, if the devisee of the remainder had refused to accept the devise, we need not decide, because, in our opinion, the payment of the $500 proves that he accepted the devise. Having accepted the devise he must pay the legacy'. (Spofford vs. Manning, 6 Paige, 383.) But his voluntary payment of part of it, when it was not due, does nor, render him liable for the residue during the existence of the life-estate.
Mrs. Prentice had a vested right to the legacy, and upon her death her husband became equitably entitled thereto. (Spence vs. Robbins, supra.) And as there are no demands against her estate he would have been entitled to recover the money from *218 her administrator if it had been due. But the suit was premature.
The judgment is reversed, and the cause remanded with directions to dismiss the petition without prejudice.