GIOVANNI PIERI v. MAYOR AND ALDERMEN OF SHIELDSBORO,

1. INCORPORATED CITIES AND TOWNS: POWER TO DESTROY PRIVATE PROPERTY. — The corporate authorities of a city or town cannot, by an arbitrary ordinance, destroy private property by force, or compel the owner to destroy or remove the same, unless it was a nuisance and so declared by ordinance, and shown to be such by its locality or the sanitary condition of the city or town.

2. CHANCERY PLEADING: ANSWER OVERRULES DEMURRER. — The filing of an answer to a bill which has been demurred to, overrules the demurrer; an answer and demurrer applying to different portions of the bill may be filed at the same time.

APPEAL from the Chancery Court of Hancock county. Hon. Wm. M. Hancock, chancellor.

A statement of the case will be found in the opinion of the court.

*Fulton Anderson* for appellant.

No counsel for appellees.

SHACKELFORD, C.J., delivered the opinion of the court.

This was a bill filed in the Chancery Court of Hancock county, to enjoin the execution of an order made by the appellees to remove or destroy certain lumber of appellant, situated on a lot leased by him, and in his possession, the lumber being the property of the appellant.

The bill alleges, that the lumber was upon said leased lot, on the bank of the Bay of St. Louis, in said town, and was on the opposite side of the street, in front of his store, in said town, and that it did not interfere with or obstruct any street, or interfere with any person's lot, in the town; that it was not ordered to be taken for public use, but by an unwarranted and arbitrary order of the corporate authorities of the town (the appellees), without offering to compensate appellant therefor, and that they had refused so to do.

And that no cause has been or was given by said authorities why the lumber should be removed or destroyed.

On the 29th day of April, 1868, a paper was filed by appellees, purporting to be an answer to bill of appellant, signed by S. N. Ogden, solicitor for the corporation or city authorities.

This answer had not the seal of the corporation, and was not sworn to by any one, and was not an answer to all the allegations of the bill, and could have been excepted to as insufficient; but it was, however, treated as an answer.

On the 4th of May, 1868, at the same term of the court, a demurrer was filed to the whole bill, assigning various grounds.

The court, at the same term of the court, sustained the demurrer of appellees, dissolved the injunction, and dismissed the bill of appellant.

From which decree or order dismissing the bill, etc., appellant prayed an appeal, which was granted, and hence the suit is brought here for revisal.

The first assignment of error is, that " the court erred in sustaining the demurrer of defendants to complainant's bill, and dismissing the same."

This assignment of error raises the question, whether or not the bill of appellant showed good grounds for relief.

Appellant states that an ordinance was passed by the corporate authorities of the town of Shieldsboro', ordering him to remove his lumber from his lot, as described in the bill, on the bank of the Bay of St. Louis; that he was a dealer in lumber, as well as a merchant of the place; that they " caused the marshal of said city to give him notice to remove or destroy said lumber within five days, or they would have it removed or destroyed by force."

The bill further alleges, that *no cause* or reasons have been given for the issuance of the order for the removing or for the destroying of his lumber.

These allegations, we think, show good grounds for relief. It cannot be seriously contended that the corporate authorities of a town can, by an arbitrary ordinance, destroy private property by force, or compel the owner of it to have it removed, unless it was a nuisance, and so declared in the ordinance, and shown to be such by its location, or by the sanitary condition of the city or town.

We can only look to the allegations of the bill for the facts of the case, as admitted by the demurrer; if they were not true, the appellees should have relied upon their answer, which contained a general denial of the allegations of the bill, and called for proof, etc.

The court erred in sustaining the demurrer of appellees to the bill.

The second ground of error assigned is, that the court erred in allowing the demurrer to be filed after answer filed.

It will be observed that the answer was filed before the filing of the demurer.

It is a well-established rule of Chancery practice, that the filing of an answer overrules a demurrer.

If the defendant demurs to the whole bill, and answers to a part thereof, it is inconsistent, and will be overruled.

For the same reason, if there be a demurrer to a part of the bill, there cannot be a plea or answer to the same part without overruling the demurrer. Story's Eq. Plea. § 442; *Clark* v. *Phelps*, 6 Johns. Ch. Rep. 214; 2 Paige, 574; Mitford's Eq. Plea. 209; 1 Bland, 217; 4 Paige, 124; 6 Paige, 383; 11 Paige, 650.

There is nothing in the record showing the answer of appellees to have been withdrawn, or that any disposition was made of it by the court.

The answer and the demurrer could not both stand; under the rule just referred to, the demurrer was overruled so long as the answer was undisposed of.

Under this state of the pleadings, it was clearly error for the court to sustain the demurrer. Even if the grounds of the demurrer were well taken, the court should have overruled the demurrer, or refused appellees permission to file their demurrer, when their answer was in, professing to answer the entire bill of appellant.

For these reasons and errors, the decree sustaining the demurrer of appellees and dismissing the bill will be reversed, and the cause remanded for further proceedings in accordance with this opinion.