TOWN OF KOSCIUSKO v. SOLOMON SLOMBERG.

MUNICIPAL CORPORATION.   *Restraint of trade.   Sale of second-hand clothing.*
    In the absence of an epidemic or other circumstances apparently rendering
        the ordinance necessary for the preservation of the public health, an
        ordinance of a town is void which declares it unlawful to bring therein
        or offer for sale second-hand clothing, without first having produced satis-
        factory proof to the mayor that such clothing did not come from a locality
        where contagion or infection was prevailing or had prevailed. Such an
        ordinance is an unjust and unreasonable restraint of trade.

APPEAL from the judgment of the HON. C. H. CAMPBELL, Judge, on habeas corpus.

The appellee, Solomon Slomberg, was convicted before the mayor of the town of Kosciusko under an ordinance of said town, which is set forth in the opinion of the court. He refused to pay the fine imposed, and sued out a writ of habeas corpus before the circuit judge, who, upon the hearing, discharged him from custody, upon the ground that the ordinance under which the conviction

was had was void.   From this judgment the town of Kosciusko appeals.

The opinion contains a further statement of the case.

*Anderson, Haden & Davis*, for appellant.

The only question for consideration is whether the ordinance of the town of Kosciusko, under which the relator was tried, is valid. We contend that it is, and in support of our view cite the following authorities: *Summerville* v. *Pressley*, 11 Southeastern Rep. 545, decided by the supreme court of South Carolina in 1890; *Soon Hing* v. *Crowley*, 113 U. S. 703; *Folmar* v. *Curtis*, 86 Ala. 354.

We ask the court to note the difference between the ordinance in question and that passed upon in *Greensboro* v. *Ehrenreich*, 2 South. Rep. 725, cited by opposite counsel.

The ordinance of Kosciusko does not attempt to reach beyond the scope of necessary protection and prevention, but falls within the rule laid down by the supreme court of Alabama in above case. A municipal corporation, under its ordinary police powers, certainly has the right to pass such an ordinance.   This ordinance is not objectionable as shifting the burden of proof to the defendant. It only requires those dealing in second-hand clothing to satisfy the mayor that the same did not come from a locality in which there is contagion or infection.   This is in accord with the laws of most of the states and of the United States.   It is to be presumed that the mayor will exercise a sound discretion.

All second-hand clothing is not *per se* dangerous to life, but such clothing· may come from hospitals infected with loathsome diseases. In the exercise of police power it is proper for the municipal authorities to take this into consideration.   Certainly it is not necessary for the town to prove the clothing to be absolutely dangerous before prohibiting the sale.

*Allen & McCool*, for appellee.

The ordinance under which appellee was convicted is a nullity. *Greensboro* v. *Ehrenreich*, 2 South. Rep. 725, decided by the supreme court of Alabama.

Second-hand clothing is not *per se* a nuisance.   New goods might be infected with disease while second-hand clothing would be free of it.   Whether there is danger from having and selling an article must depend upon circumstances, and this is not to be left to the arbitrary opinion of one man.   *Barling* v. *West*, 29 Wis. 307; s. c. 9 Am. Rep. 576.

The business of dealing in second-hand clothing is a perfectly legitimate one, and is extensively carried on in all large mercantile centres like Kosciusko.   The ordinance in question was passed to prevent competition, and it was intended to benefit certain merchants rather than to protect the health of the town.

In addition to the above authorities, we call the attention of the court to *Westcott* v. *Middleton* (N. J.), 11 Atlantic Rep. 490; 42 Miss. 493; 64 Ib. 483; 65 Ib. 80.

WOODS, C. J., delivered the opinion of the court.

The charter of the town of Kosciusko confers upon the authorities of that municipality the power of establishing and enforcing quarantine and other regulations necessary to the health of the town; of making regulations to secure the general health of the inhabitants of the town and to prevent and remove nuisances; and of passing all ordinances which may be necessary to carry into effect the powers conferred.

In supposed pursuance of these charter powers, the municipal authorities adopted an ordinance declaring it unlawful for any person to bring into, or to offer for sale therein, second-hand clothing, without first having produced satisfactory proof to the mayor of the town that such clothing did not come from a district or locality in which any contagion or infection was prevailing or had prevailed.

The power to prevent the introduction of infectious and contagious diseases, by appropriate regulations, is not to be disputed. But, to justify the sweeping and far-reaching use of the power exercised in the ordinance in the case before us, there must be, at least, some circumstances apparently rendering such exercise of this power necessary for the preservation of the health of the public.   The

town may quarantine, in cases demanding that extraordinary measure, in seasons of epidemic, in the interest of public health ; but to justify the exercise of this power, there must be apparent necessity for so doing. In such cases, regulations unpleasantly or injuriously affecting the individual may be properly employed to accomplish the general safety. But, in the absence of any epidemic apparently requiring the use of quarantine regulations and regulations restraining trade, temporarily, the exercise of such power, in the manner employed in the ordinance of the town of Kosciusko, becomes unreasonable and oppressive.

The ordinance is in restraint of a legitimate trade and is unequal and unjust in its terms and operation. It cannot be contended that a second-hand clothing store is a nuisance *per se*, or that second-hand goods are infectious in their nature. If brought from a locality in which infectious and contagious diseases are prevailing, or have recently prevailed, such goods might properly be regarded as endangering the general safety and public health ; but the same is equally true of new and unused goods. Between the new and the second-hand the difference, at the most, is a degree in danger only. Why impose the burden in the one case and not in the other? And why impose it, in either case, where there is no pretext of apparent necessity for such interference with lawful traffic?

The ordinance is clearly an unreasonable and unjust interference with a legitimate and recognized business pursuit, and is a permanent restraint upon trade.

*Affirmed.*