[Crim. No. 1048.   In Bank.—May 31, 1904.]

In Re F. A. SMITH, on Habeas Corpus.

HABEAS CORPUS—VALIDITY OF GAS ORDINANCE—AVERMENT OF EXTRA-NEOUS MATTER IN PETITION.—It being within the powers of the board of supervisors of a county in proper cases to pass an ordinance regulating or prohibiting the manufacture of gas within prescribed limits, it is necessary in a petition for *habeas corpus* by one coming under the penalty of such ordinance to set forth matters *dehors* the ordinance, so as to assail it as being unreasonable, oppressive, and void.

ID.—RETURN TO WRIT—TRAVERSE—ISSUE NOT JOINED—ADMISSION OF FACTS IN PETITION.—Upon the filing of the return to the writ of *habeas corpus,* the petition is treated as a traverse to it; and if any of the matters in the petition are denied, it is incumbent on the person to whom the writ is addressed to join issue upon them, and if no issue is joined, the facts set forth in the petition will be considered as admitted and taken as true.

ID.—MANUFACTURE OF GAS LAWFUL—POWER OF COUNTY.—The business of the manufacture of gas is not only legitimate and useful, but even necessary to our present civilization, and under the terms of the constitution it is a recognized lawful occupation. A county has

no power to prohibit the manufacture of gas, though it may in the legitimate exercise of its powers regulate the manufacture and the places thereof.

Id.— POLICE POWER — JUDICIAL QUESTION — CONDITIONS AND CIRCUM-STANCES TO BE CONSIDERED—MOTIVES OF SUPERVISORS.—Where the police power is exerted to regulate a lawful business it is always a judicial question whether the regulation is a valid exercise of such power, and the conditions and circumstances upon which the ordinance bears may be considered, but not the motives of the supervisors.

Id.—VOID COUNTY ORDINANCE.—A county ordinance prohibiting the maintenance of gasworks in a sparsely settled rural district, including only fifteen habitations, and which has the effect to stop the operation of the gasworks of the petitioner, in the immediate vicinity of which there are no dwelling-houses, and which are properly constructed and free from danger of explosion or from offensive odors, is unreasonable and oppressive, and works an invasion of the constitutional rights of the petitioner, and is therefore void.

WRIT OF HABEAS CORPUS to W. H. Kline, Constable, to test the validity of an ordinance of the County of Los Angeles.

The facts are stated in the opinion of the court.

Lynn Helm, and Lee, Scott, Baily & Chase, for Petitioner.

J. B. Fredericks, District Attorney, W. P. James, Chief Deputy, and Davis, Rush & Willis, for Respondent.

HENSHAW, J.—The petitioner is in custody for the alleged violation of a criminal ordinance of the county of Los Angeles, making it a misdemeanor to erect or maintain gasworks, gasholders, gas-tanks, etc., within a boundary fixed in the ordinance. Before the passage of the ordinance, petitioner and others had erected the gasworks within the district, and were supplying gas to consumers—inhabitants of the cities of Pasadena and Los Angeles. After his works were so in operation the ordinance in question was adopted. Its effect, if valid, is to suppress his business. In his petition he set up, with other matters, that the district within which it is declared to be illegal to erect or maintain gasworks is a sparsely settled rural community lying between the cities of Los Angeles and South Pasadena on the south and the city

of Pasadena and the city of Los Angeles upon the north, through the center of which runs a wash which is known as the Arroyo Seco. This wash is a sandy, rocky waste between two hundred and three hundred yards in width, and constitutes ninety-five per cent of the district described in the ordinance. In the immediate vicinity of the gasworks there are no dwelling-houses, none nearer than a distance of about three hundred yards, and the whole district contains only fifteen places of habitation. It is further alleged that the works are safely and securely constructed so as to be free from danger from leakage or explosion of gas; that the gas made is such as is ordinarily distributed to consumers in the various cities of the state; that it is impossible, owing to the secure method of construction, for any odors to escape, and that the works as constructed and operated do not and cannot injuriously affect the health, safety, welfare, or comfort of the citizens of the county of Los Angeles or of. any of them. Other matters are set forth touching the motive of the board of supervisors in passing the ordinance, it being herein asserted that it was passed to perpetuate the monopoly of another gas company. The ordinance itself is fully set forth in the petition.

It being within the powers of the board of supervisors in proper cases to regulate, or even to prohibit, the manufacture of gas within prescribed limits, this ordinance upon its face would appear to be innocuous and valid. It became necessary, therefore, for the pleader in his petition to set forth the matters *dehors* the ordinance, by virtue of which he contends that the ordinance is unreasonable, oppressive, and void. Upon the issuance of the writ the constable made the return contemplated by law, showing that he held the petitioner under a criminal complaint and warrant of arrest upon the charge of violating the ordinance. He further made return that he had no information or knowledge of the other facts set up in the petition for the purpose of showing its unreasonableness, and the case was submitted on the theory that those alleged facts are true.

Under our practice, upon the filing of the return, the petition is treated as a traverse to it. Then, if any of the matters in the petition so treated as a traverse to the return are denied, it is incumbent upon the person to whom the writ is

addressed to join issue upon them. In the absence of such issue joined, the facts set forth in the petition will be taken as true. So in this case the facts averred will be considered as admitted.

It will not be disputed that the business here sought to be prohibited is not only legitimate and useful, but even necessary, to our present civilization. Moreover, under the very terms of our constitution, it is a recognized lawful occupation. (Const. Cal., art. XI, sec. 19.) The county of Los Angeles, therefore, has no power to prohibit the manufacture of gas, though it may, in the legitimate exercise of its powers, regulate its manufacture and the places thereof.

Upon the other hand, the right of cities and counties within this state to pass ordinances, in the exercise of the police power, comes direct from constitutional grant. (Const. Cal., art XI, sec. 11.) It is by virtue of this constitutional grant that the respondent argues that courts in construing the validity of the ordinance will take into consideration only the face of the ordinance and such facts as are within the judicial cognizance of the court, and herein reliance is had on the language of the supreme court of the United States in *Munn* v. *Illinois,* 94 U. S. 113, which declared: "If no state of circumstances could exist to justify such a statute, then we may declare this one void, because in excess of the legislative power of the state. But if it could, we must presume it did. Of the propriety of legislative interference within the scope of legislative power the legislature is the exclusive judge." But running current with this principle, and to be read with it, is one of equal importance,—namely, that when the police power is exerted to regulate a useful business or occupation, the legislature is not the exclusive judge as to what is a reasonable and just restraint upon the constitutional right of the citizen to pursue any trade, business, or vocation which in itself is recognized as innocent and useful to the community. It is always a judicial question if any particular regulation of such right is a valid exercise of police power, though the authority of the courts to declare any regulation invalid will be exercised with the utmost caution, and only when it is clear that the ordinance or law declared void passes the limits of the police power and infringes upon rights guaranteed by the constitution. (*Ex parte Whitwell,*

98 Cal. 73.[1])   Indeed, the supreme court of the United States, in cases later than that of *Munn* v. *Illinois,* has set at rest any doubt that might exist as to the meaning of the language employed in the earlier case.   In *Lawton* v. *Steele,* 152 U. S. 133, 137, it is said: "To justify the state in thus interposing its authority in behalf of the public, it must appear, first, that the interests of the public generally, as distinguished from those of a particular class, require such interference; and, second, that the means are reasonably necessary for the accomplishment of the purpose, and not unduly oppressive upon individuals.   The legislature may not, under the guise of protecting the public interests, arbitrarily interfere with private business, or impose unusual and unnecessary restrictions upon lawful occupations.   In other words, its determination as to what is a proper exercise of its police powers is not final or conclusive, but is subject to the supervision of the courts." And again, in *Holden* v. *Hardy,* 169 U. S. 366, 398, the court say: "The question in each case is whether the legislature has adopted the statute in exercise of a reasonable discretion, or whether its action be a mere excuse for an unjust discrimination, or the oppression or spoliation of a particular class." As has been said, there must always be left a large discretion in the legislative body, with the exercise of which the courts will not and have no desire to interfere.   Nor will they in any event interfere except where the case be plain that needless oppression is worked and constitutional rights invaded.   But courts are not limited in their inquiry to those cases alone where such a situation is shown upon the reading of the statute.   They will consider the circumstances in the light of existing conditions.   In city ordinances, as distinguished from county ordinances, the interest and requirements for protection of a thickly settled and growing community will often be widely different from those of sparsely settled and thinly inhabited rural districts.   An ordinance limiting, regulating, or even prohibiting, in a certain district within the corporate limits of a city may be perfectly reasonable, where like limitations, restrictions, and prohibitions as to some district within the county, arbitrarily carved out, would be oppressive and unreasonable in the extreme.   Owing to the peculiar conditions existing in cities, courts are not keen to question the

---

[1] 35 Am. St. Rep. 152.

wisdom of the legislative exercise of their police powers in these respects; but as the same conditions do not exist in the country, county ordinances, passed in the exercise of the same power, may well be scanned with more critical eye. And as it must happen in the case of many of these ordinances that the unreasonableness and oppression is not apparent upon the face thereof, evidence in such cases will be admitted to show the existing conditions. But this evidence will not go to motive. If the conditions justify the enactment of the ordinance, the motives prompting its enactment are of no consequence. If the conditions do not justify the enactment, the inquiry as to motive becomes useless. This is but in accordance with the well-settled rule, and for that reason the allegations touching the motive of the board of supervisors in passing the ordinance here under consideration have been and are entirely disregarded. But in support of the proposition above declared, that the conditions and circumstances upon which the ordinance bears are proper subjects of evidence, may be cited: *Yick Wo* v. *Hopkins,* 118 U. S. 356; *Tugman* v. *Chicago,* 78 Ill. 405; *Oxanna* v. *Allen,* 90 Ala. 468; *People* v. *Armstrong,* 73 Mich. 288;[1] *Ex parte Patterson,* 42 Tex. Crim. Rep. 256; *Cleveland etc. Railway Co.* v. *Connersville,* 147 Ind. 277;[2] *Pieri* v. *Mayor etc. of Shieldsboro,* 42 Miss. 493; *Town of Kosciusko* v. *Slomberg,* 68 Miss. 469;[3] *Corrigan* v. *Gage,* 68 Mo. 541.

When finally we come to apply these principles to the ordinance in question, the need of discussion is at an end. It is manifest that the ordinance is unreasonable and oppressive, works an invasion of the petitioner's constitutional rights, and is therefore void. The ordinance being void, the criminal proceedings against petitioner founded upon the ordinance are likewise void.

It is therefore ordered that the petitioner be discharged from custody.

McFarland, J., Lorigan, J., and Beatty, C. J., concurred.

SHAW, J., concurring.—I concur in the opinion of Justice Henshaw, and in the conclusion reached by him. The court

[1] 16 Am. St. Rep. 578, and note.　　　[3] 24 Am. St. Rep. 281.
[2] 62 Am. St. Rep. 418.

will take judicial notice of the fact that the county of Los Angeles is a large territory, consisting of several thousand square miles, large portions of which are very sparsely settled, and within which are a number of cities and villages, ranging in population from over one hundred thousand to a few hundred, and many districts of thickly settled farming communities. It appears from the face of the ordinance that the board of supervisors selected from all this territory having these varying conditions a small district, comprising but two or three hundred acres, lying between the cities of Pasadena and South Pasadena on the one side and the city of Los Angeles on the other, and, ignoring the welfare and comfort of all the other territory of the county outside of incorporated cities, made it unlawful to erect or maintain gasworks within this particular district. Another fact, so obvious that I think the court can either take judicial notice of it or assume it to be true, is, that there are very many other districts within the county, of equal or greater extent, within which the erection or maintenance of gasworks would be equally detrimental to the inhabitants thereof. It is admitted that at the time this ordinance was passed the petitioner and others acting with him had already, at great expense, erected gasworks in this district, wherein they were manufacturing gas for sale and distribution to the public; that the district is sparsely settled, having no places of residence within three hundred yards of the gasworks, and only fifteen in all.

Under these circumstances I think the court is justified in holding that the ordinance in question was manifestly intended to prohibit and suppress the particular business of the petitioner, that it was not a reasonable or *bona fide* exercise of the police power for the welfare and comfort of the inhabitants of the district or of the county, but an attempt, under color of the police power, to create an unjust, arbitrary, and unreasonable discrimination against the enterprise in which the petitioner was engaged, and that for that reason it is unconstitutional and void.

Angellotti, J., concurred.