[Crim. No. 1415.   Second Appellate District, Division Two.—January 13, 1927.]

## In the Matter of the Application of CYRIL J. O'CONNOR for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—FALSE ADVERTISING OF REAL ESTATE—PLEADING. In this prosecution for a violation of section 654b of the Penal Code, the complaint alleging that the circular was made and disseminated, asserting a fact concerning the ownership, title, or other characteristic of real property which was untrue, and known by defendant (the publisher of said circular) to be untrue, and which was made and disseminated with the intention of misleading, was sufficient to state a public offense.

[2] ID.—FALSE ADVERTISING—LARCENY BY TRICK AND DEVICE—TWO OFFENSES.—The offense known as false advertising is complete when the deceptive advertising matter is circulated with criminal intent; and where a defendant is charged in one count with the crime of larceny by trick and device and in a separate count with the crime of false advertising of real property, he may be tried and convicted on both counts, notwithstanding the false literature constituting the basis of the latter count was used as a part of the device through which the larceny was accomplished.

[3] ID.—GREATER OFFENSE INCLUDING LESSER—ONCE IN JEOPARDY.—Where one is convicted of an offense necessarily included within another, and later is prosecuted for the greater, a plea of once in jeopardy will be sustained; and the converse is also true if the prosecution begins with the greater offense, and there is an acquittal, and subsequent prosecution is attempted under the lesser charge.

[4] ID.—SEPARATE OFFENSES—EVIDENCE—ONCE IN JEOPARDY.—Where entirely separate and distinct offenses are charged in two counts, and one is not necessarily included within the other, a prosecution for one is no bar to a prosecution for the other, even though the same testimony may be applicable to both.

[5] ID.—OFFENSE AGAINST TWO STATUTES—EVIDENCE—ONCE IN JEOPARDY.—While a single act may be an offense against two statutes, and thus constitute two crimes, if each statute requires proof of a fact additional to those involved in the other, an acquittal or conviction of either does not result in the defendant having been in jeopardy for the other.

3.   See 7 Cal. Jur. 961; 8 R. C. L. 146.
5.   See 7 Cal. Jur. 958; 8 R. C. L. 149.

[6] ID.—HABEAS CORPUS—ADMISSIONS—EVIDENCE.—Upon the filing of the return to a writ of *habeas corpus*, the petition is treated as a traverse thereto; and where the petition for a writ of *habeas corpus* alleges that the testimony included therein was given at the trial, and that it was all of the testimony bearing upon the commission of any offense by the defendant, and the return contains no denial of this assertion, and in no way challenges it, the respondent is precluded from urging for the first time in a brief that the record of the testimony is not properly before the court.

[7] ID.—LARCENY BY TRICK AND DEVICE—OBTAINING MONEY BY FALSE PRETENSES — SAME TRANSACTION—VERDICT—JUDGMENT—JURISDICTION—HABEAS CORPUS.—Where a defendant is charged in one count with the crime of larceny by trick and device and in a separate count with obtaining money by false pretenses, both relating to one and the same transaction, and the facts which constitute the larceny charge pleaded and established by the evidence are identical with those constituting the charge of obtaining money by false pretenses, the jurisdiction of the court is exhausted when it pronounces sentence upon the verdict returned on the first count; and *habeas corpus* is a proper remedy where it is claimed that the prisoner has been placed in jeopardy for the identical offense.

[8] ID.—VENUE—EVIDENCE.—The question of venue is one of fact; and where the defendant is tried and convicted in the municipal court of a given city, and the testimony shows that the transactions in question took place at a stated number on a named street, at which address the complaining witness said she resided, and the jury (which necessarily was drawn from that vicinage) must have understood the complaining witness to refer to that street and number in said city, there could hardly be any reasonable doubt that the offenses were committed within the jurisdiction of the trial court, and the evidence showing venue was sufficient.

[9] ID.—UNCERTAINTY OF VERDICT—SUFFICIENT COMMITMENT—HABEAS CORPUS—PRESUMPTION.—In a proceeding in *habeas corpus*, if the petitioner contends that the verdict of guilty is in such form as to be void for uncertainty the burden is his to establish such contention; and where the alleged uncertain verdict is set out in the petition, and there is also set out in the petition, *in haec verba*, the commitment alleged to be held by the chief of police, and which evidences that the verdict was other than as alleged elsewhere in the petition and that it was in proper form, it will

6. See 13 Cal. Jur. 271.
9. See 13 Cal. Jur. 275.

be presumed that official duty was properly performed, and the alleged invalidity of the verdict for uncertainty will not be sustained.

(1) 27 **C. J.**, p. 110, n. 9 New, p. 111, n. 34.  (2) 16 **C. J.**, p. 278, n. 33 New.  (3) 16 **C. J.**, p. 271, n. 10, 12.  (4) 16 **C. J.**, p. 264, n. 36; 27 **C. J.**, p. 110, n. 9 New.  (5) 16 **C. J.**, p. 266, n. 50.  (6) 29 **C. J.**, p. 156, n. 16, p. 165, n. 39, p. 188, n. 14.  (7) 16 **C. J.**, p. 277, n. 23 New; 29 **C. J.**, p. 33, n. 33, p. 46, n. 67 New.  (8) 16 **C. J.**, p. 770, n. 99, p. 924, n. 27.  (9) 29 **C. J.**, p. 166, n. 50, p. 167, n. 57, 72, p. 191, n. 76.

PROCEEDING in Habeas Corpus to secure the release of petitioner from custody after conviction in municipal court. Writ discharged and petitioner remanded.

The facts are stated in the opinion of the court.

William J. Clark for Petitioner.

J. M. Friedlander, City Prosecutor, and A. T. Folsom and Vernon S. Gray, Deputy City Prosecutors, for Respondent.

CRAIG, J.—Previously to application being made to this court for a writ of *habeas corpus,* a petition for the same relief had been made to the superior court of Los Angeles County, which was refused.

The petitioner was convicted in the municipal court of the city of Los Angeles on three counts of a complaint, and was sentenced upon each. The sentence for the offense charged in the first count was a fine of one dollar, which was paid. The claim upon which petitioner's release is now sought is based upon several contentions. We shall first consider the points urged as they especially concern the third count. This is predicated upon section 654b of the Penal Code. The attack made upon the sentence imposed following the conviction upon this count is divided into two parts. It is first said that no public offense is charged therein, and, secondly, it is charged that if an offense is charged it is the same as that set forth in count one, and that the defendant having been tried, convicted, and sentenced under the last-named count, a further punishment under count 3

would be a violation of article I, section 13, of our state constitution.

[1] We are of the opinion that count 3 states facts sufficient to constitute a public offense. It attempts to charge the offense commonly known as false advertising concerning real property. Section 654b of the Penal Code reads in part as follows:

"Any person . . . , who in a newspaper, circular, *circular* or form letter or other publication published or *circulated* in any language in this state, *makes or disseminates any statement or assertion of fact, concerning the* extent, location, ownership, title or other characteristic, quality or attribute of any real estate, located in this state or elsewhere, which is *known to him to be untrue,* and which is *disseminated with the intention of misleading,* is guilty of a misdemeanor; . . . "

The count in question charges that on the eleventh day of January, 1926, the defendant O'Connor did *"make, publish,* designate and *circulate* and cause to be *made, published, disseminated and circulated,* and did then and there cause to be placed before the public in the city of Los Angeles, county of Los Angeles, state of California, a certain handbill, *circular,* notice and folder, such folder being an advertising medium, an advertisement *regarding* such *real property* and the title thereto . . . which said advertisement did then and there contain *statements, representations and assertions of facts concerning* such real property . . . which said statements, representations and assertions were then and there *false and untrue* and which were then and there *deceptive and misleading* and which were then and there *known* by said Cyril J. O'Connor . . . to be false and untrue, deceptive and misleading, the said circular . . . containing in words and figures the following":—following which allegations the complaint contains a copy of a portion of the alleged circular. Among other things, the complaint further alleges that this publication was made by the defendant "for the purpose of misleading and deceiving the public generally, and to fraudulently induce the public to enter into obligations relating to said property and to purchase certain interests in said mining claim."

The essential facts required and alleged, in so far as they pertain to such a case as that before us, were that the cir-

cular was made and disseminated, asserting a fact concerning the ownership, title, or other characteristic of real property which was untrue, and known to the publisher of such circular to be untrue, and which was made and disseminated with the intention of misleading. The pleading is therefore sufficient.

[2] Nor can we agree with the second argument advanced concerning count 3. It is true that this count relates to a phase of the same transaction as does count No. 1, but the offense charged in count 3 is of a different nature, and is not necessarily embraced within the other.

It is urged that the defendant having been tried, convicted, and sentenced under count 1, there can be no prosecution upon count 3, because the facts constituting the bases of both charges are identical. We have here an entirely different situation than exists in the comparison of the prosecution under counts 1 and 4, which will be discussed later. The offense alleged by count 3 to have been committed is not necessarily included within that set forth in count 1. [3] In a case where one is convicted of an offense necessarily included within another, and later is prosecuted for the greater, a plea of once in jeopardy will be sustained, for such conviction might have been had under the latter. The converse would also be true if the prosecution had begun with the greater offense, and there had been an acquittal, and subsequent prosecution attempted under the lesser charge. In such cases, and of course where the offenses charged are identical, there can be but one conviction and but one sentence. [4] But where, as here, entirely separate and distinct offenses are charged in two counts, and one is not necessarily included within the other, a prosecution for one is no bar to a prosecution for the other, even though the same testimony may be applicable to both. In brief, count 3 charges the offense known as false advertising of real property. This offense became complete when the deceptive advertising matter was circulated with criminal intent. It is obvious that this false advertising is a distinct offense from larceny by trick and device as charged in count 1. The mere fact that the false literature was used as a part of the device through which the larceny was accomplished does not argue against the fact that the offenses are nevertheless separate and distinct.

The latter involves as an essential element the taking of personal property of another. As to the former, the taking of property is not involved. The outstanding element of the offense of falsely advertising real estate is the publication and circulation of deceptive matter. It is complete without regard to whether or not anyone is deceived or damaged. The statute is intended to protect the public from a certain prevalent and pernicious form of trickery, but publication is not essential to larceny by trick and device. Other distinctions might be pointed out, but these are sufficient to indicate that the offenses are separate and distinct and that one is not necessarily included within the other. [5] While a single act may be an offense against two statutes, and thus constitute two crimes, if each statute requires proof of a fact additional to those involved in the other, an acquittal or conviction of either does not result in the defendant having been in jeopardy for the other. (*Morey* v. *Commonwealth,* 108 Mass. 433.)

[6] Objection is made that the record of the testimony in the trial court is not properly before this court. We think the respondent is precluded from urging this point for the first time in a brief. The petition alleges that the testimony included therein was given at the trial, that it was all of the testimony bearing upon the commission of any offense by the defendant. The return contains no denial of this assertion, and in no way challenges it. Upon the filing of the return to a writ of *habeas corpus* the petition is treated as a traverse thereto. If none of the matters included in the petition are denied, the facts set forth therein are considered as admitted, and must be taken as true. (*In re Smith,* 143 Cal. 368 [77 Pac. 180].) Hence, in this case, it is admitted that the only testimony adduced to show the defendant guilty of any offense was that of the witnesses Alice Ross and Anton Klein, and that their testimony was as alleged in the petition.

[7] From this testimony it clearly appears that if the defendant was guilty as the jury found him to be, of larceny by trick and device as charged in the first count, he cannot also be punished under the fourth count. But one transaction occurred between the parties in connection with the subject matter which forms the basis of the prosecution upon these two counts. They not only relate to one and the same

transaction, but the facts which constitute the larceny charge pleaded and established by the evidence are identical with those constituting the charge of obtaining money by false pretenses. Under such circumstances the jurisdiction of the court was exhausted when it pronounced sentence upon the verdict returned on the first count, and *habeas corpus* is a proper remedy where it is claimed that the prisoner has been placed in jeopardy for the identical offense, because if such assertion be true it is not merely a matter of defense which if not properly sustained in the trial court would furnish ground for appeal, but goes to the continuance of jurisdiction of the trial court for any purpose. (*In re Harron,* 191 Cal. 457 [217 Pac. 728], and cases therein cited.)

[8]   The contention that there was no evidence introduced at the trial to show that the offenses were committed within the jurisdiction of the court cannot be sustained. There was testimony that the transactions in question took place at 1010 South Concord Street, at which address the complaining witness said she resided. This in the absence of evidence to the contrary was sufficient. The question of venue is one of fact. As the cause in which the petitioner was convicted was tried in the municipal court of the city of Los Angeles, and as the jury was necessarily drawn from that vicinage, its members must have understood the complaining witness to refer to 1010 South Concord Street in that city, and, therefore, in the county of Los Angeles. Considering all of the evidence there could hardly be any reasonable doubt that the offenses were committed within the jurisdiction of the trial court, and this was sufficient. (*People* v. *McGregar,* 88 Cal. 140 [26 Pac. 97]; *People* v. *Manning,* 48 Cal. 335.)

[9]   It is asserted that the verdict is deficient in that it is uncertain as to the offense of which the petitioner was found to be guilty. We are unable to determine from the statements contained in the petition of what language the verdict consisted. In the body of the petition it is asserted that the verdict was as follows:

"*State of California* vs. *Cyril J. O'Connor, Defendant.* We, the jury in the above-entitled matter find the defendant —On Count No. 1 find the defendant guilty; Count No. 2, the jury, find the defendant not guilty; Count No. 3, we, the jury find the defendant guilty, and in Count No. 4, we, the jury find the defendant guilty of the offense charged."

But in the commitment alleged to be held by the chief of police of the city of Los Angeles and set forth *in haec verba* it is recited that:

"Cyril J. O'Connor, was on the 26th day of March, 1926, convicted in the Municipal Court in and for the city of Los Angeles, State of California, in case Number 1209 on the criminal docket of said Court of three public offenses, as charged in the complaint filed, in said cause, to wit: Under count number one of the crime of petty larceny, by trick and device, a misdemeanor, and upon count number three of the crime of false advertising, a misdemeanor, and upon count number four of the crime of obtaining money by false pretenses, a misdemeanor, committed in said Los Angeles city on or about the 11th day of January, 1926."

This commitment is questioned only in that the recitation therein contained of the judgment is said to be incorrect. Such commitment apparently executed in due course of official routine thus produced by the petitioner supplies evidence that the verdict was other than as alleged elsewhere in the petition. In this state of uncertainty and giving proper weight to the presumption that official duty has been duly performed (which presumption was applied under quite similar circumstances in *In re Williams,* 183 Cal. 11 [190 Pac. 163]), we cannot conclude that the petitioner has established his contention that the verdict was in such form as to be void for uncertainty. Of course, this burden is his in this *habeas corpus* proceeding.

With respect to the judgment a similar situation exists. As we have said, after setting forth a purported copy of the commitment and vouching for its correctness as such copy, the petition alleges that the same is untrue in that the portion of it which purports to recite the judgment is said to be incorrect and it is asserted that the language contained in said recitation was not used by the court in pronouncing judgment. In that behalf the petition reads: "Nor does said judgment contain any of the said language, but that said judgment is in the words and figures as set forth in Exhibit 3 attached to this petition, . . . " A careful perusal of the record discloses that no exhibit marked "Exhibit 3" is appended to the petition. Therefore, regardless of what the fact may be, we are unable to say that the judgment pro-

nounced was not in such language as to support the commitment.

It is said in the brief of petitioner that the judgment was not entered as required by law in the judgment-book. As to that matter the petition makes no showing. Certain other points are argued for the first time in the petitioner's reply brief. It is not necessary to consider them here, and we expressly refrain from doing so.

It appearing that at the time of the issuance of this writ the prisoner was in regular confinement serving the sentence upon conviction under the third count, it is ordered that the writ be discharged and the petitioner remanded.

**Works, P. J., and Thompson, J., concurred.**