[Crim. No. 2254. Second Appellate District, Division Two.—October 26, 1932.]

In the Matter of the Application of JOHN WALKER O'LEARY for a Writ of Habeas Corpus.

Harry J. Miller for Petitioner.

Samuel L. Rummel and Kenneth K. Scott for Respondent.

STEPHENS, J., *pro tem.*—An interlocutory decree of divorce, with alimony and attorney fees, was heretofore secured against the petitioner herein, John Walker O'Leary, by his wife, Clara Mae O'Leary. Thereafter the wife filed an affidavit alleging that the attorney fees and the accrued alimony had not been paid. Proceedings were had on an order to show cause and the husband was sentenced to jail for contempt in not complying with the order to pay. A few months later the wife filed another affidavit to the same effect as the first one, but bringing it up to date. After hearing on the usual order to show cause the husband was again sent to jail for contempt for failure to pay. It is of this last order that he complains by petitioning this court for release from custody by the writ of *habeas corpus.*

The petition relates what it alleges to be all of the testimony given at the hearing on the order to show cause. Petitioner contends that this testimony shows that the trial court had no jurisdiction to adjudge him in contempt and that he presented this point to the court below. Respondent contends that such testimony is not before this court.

The return sets out *in haec verba* the interlocutory decree of divorce, the order adjudging petitioner guilty of contempt and sentencing him to jail, and the commitment. As no question is raised as to the sufficiency of any of these documents or orders it will not be necessary to detail their contents. No traverse has been filed.

In the *habeas corpus* proceeding entitled *In re Smith,* 143 Cal. 368 [77 Pac. 180, 181], appears the following: "Under our practice, upon the filing of the return the petition is treated as a traverse to it. Then, if any of the matters in the petition so treated as a traverse to the return are denied, it is incumbent upon the person to whom the writ is addressed to join issue upon them. In the absence of such issue joined the facts set forth in the petition will be taken as true." This doctrine has been referred to with seeming approval in *In re O'Connor,* 80 Cal. App. 648 [252 Pac. 730], and in *In re Hoffman,*

155 Cal. 114 [99 Pac. 517, 132 Am. St. Rep. 75], but the decision in *In re Collins*, 151 Cal. 340 [90 Pac. 827, 828, 91 Pac. 397, 129 Am. St. Rep. 122], clarifies the point by saying that the petition is not regarded as a traverse except through agreement or stipulation. Mr. Justice Sloss says in the latter case: ''The function of the petition is to secure the issuance of the writ, and when the writ is issued the petition has accomplished its purpose. The writ requires a return by the officer or other person having custody of the prisoner. To such return the prisoner may present exceptions, raising issues of law, or a traverse, raising issues of fact, or both. Where . . . the traverse alleges matter tending to invalidate the apparent effect of such process . . . the burden of proving such new matter is on the petitioner. The remarks in *In re Smith, supra,* are to be taken as referring only to the case where, by agreement of the parties and the consent of the court, the petition is treated as a traverse to the return and its averments are not disputed.'' (See *In re Delgado,* 107 Cal. App. 689 [290 Pac. 589], and *In re Wilson,* 123 Cal. App. 601 [11 Pac. (2d) 652].) ■ Since no traverse has been filed herein and there has been no agreement by counsel nor consent of the court, but, on the contrary, there has been affirmative objection on behalf of respondent to the consideration of the testimony taken below, we are of the opinion that it cannot be considered here at all.

■ Petitioner also raises the point that he has already been punished for the same offense, but it was stated by this court when oral argument was heard that this would not be considered, as it had never been presented in the superior court. ■ It would seem obvious, however, that there can be nothing to the point, as the refusal to pay, having the ability so to do, is a continuing offense, and petitioner cannot escape the disciplinary arm of the court ever after, by having once suffered punishment for refusing to pay.

From the foregoing it will be seen that a consideration of the other points raised is not necessary.

The writ is discharged and the proceeding dismissed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.