[No. 20854.  In Bank. — September 1, 1891.]

EX PARTE O. F. CHENEY, ON HABEAS CORPUS.

CRIMINAL LAW — CARRYING CONCEALED WEAPONS — VALIDITY OF MUNICIPAL ORDINANCE. — Section 22 of ordinance No. 1603 of the city and county of San Francisco, prohibiting the carrying of concealed weapons by any person other than public officers and travelers, without a permit from the police commissioners, and prescribing as a penalty for the violation of any of its provisions a fine of not less than $250 and not exceeding $500, or imprisonment not less than three months and not exceeding six months, or both such fine and imprisonment, does not impose any excessive or unreasonable penalty, but is constitutional and valid.

ID. — POLICE REGULATIONS FOR PREVENTION OF CRIME — DISCRETIONARY POWER OF MUNICIPALITY — EXCLUSIVE DETERMINATION OF PENALTY. — The legislative body of a city is vested with a discretion in reference to police regulations, which are intended for the prevention of crime and the preservation of the public peace, which is not reviewable by the courts; and in the exercise of this power the municipality, in determining the

penalty to be imposed for violating its ordinances, is limited only by the terms of its charter; and the reasonableness of a punishment prescribed within that limit cannot be questioned elsewhere.

APPLICATION to the Supreme Court for a discharge upon a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*Z. T. Cason*, for Petitioner.

The punishment is excessive, because the prisoner might be imprisoned longer than the maximum term of six months. (*Ex parte Ah You*, 88 Cal. 99; *Ex parte Kelly*, 65 Cal. 154; *Ex parte Baldwin*, 60 Cal. 432.) The minimum penalty prescribed by the statute is excessive in certain cases. (*Bailey* v. *Commonwealth*, 11 Bush, 688; *Ex parte Ah You*, 88 Cal. 99.) The general laws allow a minimum penalty of one cent or one dollar fine, or one day's imprisonment, for misdemeanors. (Pen. Code, secs. 245, 417, 467.) The ordinance is in conflict with the constitution. (Art. 11, sec. 11; art. 1, sec. 6.)

*Davis Louderback, contra.*

The test of unreasonableness cannot be applied to an ordinance when the power to enact it has been expressly conferred, as it has in regard to penalties in this case. The city may impose any penalty within the limits authorized. (*Haynes* v. *Cape May*, 50 N. J. L. 57, 58; *District* v. *Waggeman*, 4 Mackey, 335, 336; *Ex parte Chin Yan*, 60 Cal. 82, 83; *Coal-float* v. *City of Jeffersonville*, 112 Ind. 19, 20; Horr and Bemis on Municipal Ordinances, sec. 128; *Waldraven* v. *Mayor etc. of Memphis*, 4 Cold. 434; *Mason* v. *City of Shawneetown*, 77 Ill. 537; *City of St. Louis* v. *Boffinger*, 19 Mo. 15, 16; *Des Moines Gas Co.* v. *City of Des Moines*, 44 Iowa, 509; 24 Am. Rep. 756; *Presb. Church* v. *City of New York*, 5 Cow. 540, 541; *Ex parte Miller*, 89 Cal. 41.)

HARRISON, J. — The petitioner was convicted in the police court of the city and county of San Francisco of

violating section 22 of ordinance No. 1603 of said city and county as amended by ordinance No. 2189, and was sentenced "to pay a fine of $250, and in default of payment of said fine to be imprisoned in the county jail of said city and county at the rate of one day for each one dollar of said fine, until said fine is satisfied." The fine not being paid, he was, on the eighth day of June, 1891, committed to the custody of the sheriff, by whom, at the issuance of the writ herein, he was detained in the county jail under said commitment. Section 22 of the ordinance named reads as follows:—

"Sec. 22. It shall be unlawful for any person, not being a public officer or traveler, or not having a permit from the police commissioners of this city and county, to wear or carry, concealed, in this city or county, any pistol, dirk, or other dangerous or deadly weapon. Every person violating any of the provisions of this order shall be deemed guilty of a misdemeanor, and be punished by a fine of not less than $250 and not exceeding $500, or by imprisonment not less than three months and not exceeding six months, or by both such fine and imprisonment. Such persons, and no others, shall be termed 'travelers,' within the meaning of this order, as may be actually engaged in making a journey at the time. The police commissioners may grant written permission to any peaceable person, whose profession or occupation may require him to be out at late hours of the night, to carry concealed deadly weapons for his own protection."

It is contended by the petitioner that the judgment under which he was convicted is void, and his detention thereunder unlawful, for the reason that by the terms of the ordinance the court has no discretion to fix the penalty for its violation at a less sum than $250, and the ordinance is, therefore, "repugnant to and not in harmony with the spirit and letter of the laws and constitution of the state of California upon kindred subjects, and in con-

flict with the kindred statutory provisions thereof"; and also for the reason that under the terms of his sentence he *may* be confined 250 days, whereas the limit of imprisonment which the court is authorized to impose as a punishment for the violation of the ordinance is six months.

Counsel for petitioner has not pointed out to us any specific provisions of the statutes or constitution of this state with which the ordinance is directly repugnant or in conflict, but in his argument has chiefly relied upon the proposition that the ordinance is void upon the ground that the minimum penalty for its violation is excessive and unreasonable.

Article 11, section 11, of the constitution of this state provides that "any county, city, town, or township may make and enforce within its limits all such local police, sanitary, and other regulations as are not in conflict with general laws." This gives to each municipality the right to determine what police regulations it will prescribe, and the only limitation upon the exercise of the power is, that such regulations shall not be in conflict with the general laws of this state. There is no general law in this state which forbids the carrying of deadly weapons concealed, so that in the passage of this ordinance there is no violation of the constitutional limitation.

It is a well-recognized principle in government that the police requirements of a city are different from those of the state at large, and that stricter regulations are essential to the good order and peace of a crowded metropolis than are required in the sparsely peopled portions of the country. Hence the organic act of the state has directly conferred upon each city the power to make such rules in regulating the conduct of those within its jurisdiction as in the judgment of its legislative body will best preserve their rights. Many police regulations which are demanded by the exigencies of life in a crowded city have reference chiefly to social order, and

are directed to the promotion of the comfort and safety
of the citizen, as well as to the protection of individual
and public property. The mode of using the streets, the
manner of conducting business, the times and places at
which certain occupations shall be plied, are instances
of this class, and the power granted to the city is limited
to their *regulation*. It is with reference to ordinances of
this character that it is said by courts they must be rea-
sonable, and not violate those rights of the individual
that are superior to the demands of society. There are
other police regulations, however, which are intended for
the prevention of crime and the preservation of the pub-
lic peace, and in reference to which the legislative body
of the city is vested with a discretion that is not review-
able by the courts. In the exercise of this power, the
municipality, in determining the penalty to be imposed
for violating its ordinances, is limited only by the terms
of its charter, and the reasonableness of the punishment
is not to be questioned elsewhere.

It is a well-recognized fact that the unrestricted habit
of carrying concealed weapons is the source of much
crime, and frequently leads to causeless homicides, as
well as to breaches of the peace, that would not otherwise
occur. The majority of citizens have no occasion or
inclination to carry such weapons, and it is often the
case that the innocent by-stander is made to suffer from
the unintended act of another, who, in the heat of pas-
sion, attempts to instantly resent some fancied insult or
trivial injury. It is to protect the law-abiding citizen, as
well as to prevent a breach of the peace or the commission
of crime, that the ordinance in question has been passed.
By its terms, ample provision is made for those whose
necessities of life or of occupation require protection
from carrying such weapons, and as the prohibition does
not extend to those who come within the exceptions, there
is no invasion of the rights of the citizen.

Having the right to pass the ordinance in question,

the city has the right to prescribe any penalty for its violation, within the limit designated by its charter. As the legislature has fixed this limit at the sum of one thousand dollars (Stats. 1861, p. 552), it follows that the penalty prescribed by the ordinance is not illegal.

The writ is discharged, and the prisoner remanded to the custody of the sheriff.

PATERSON, J., McFARLAND, J., SHARPSTEIN, J., and GAROUTTE, J., concurred.

DE HAVEN, J., concurred in the judgment.