[Crim. No. 23.  Second Appellate District.—January 30, 1906.]

In re N. E. NEWELL, on Habeas Corpus.

MUNICIPAL CORPORATIONS—POLICE POWER.—The police power of a city is derived from article XI, section 11 of the constitution, and not alone from its charter.

ID.—FIRE LIMITS—TENT OR MOVABLE STRUCTURE PROHIBITED—REASONABLENESS.—A municipality, in the exercise of its police power, may by ordinance establish fire limits, and render it unlawful for any person, firm or corporation to erect or maintain therein any tent or movable structure of any kind.  The legislative body of the city, being the sole judge of the necessities for regulation, and it being reasonable on its face, will be presumed reasonable by the court.  The ordinance is in no sense class legislation, as it applies to all persons similarly situated, and is operative against a person maintaining a prohibited structure erected before its passage.

APPLICATION for a writ of *habeas corpus*.

The facts are stated in the opinion of the court.

Emmet H. Wilson, for Petitioner.

George Beebe, Prosecuting Attorney, *contra*.

ALLEN, J.—The petitioner is in custody after a conviction of a violation of section 141 of Ordinance No. 10,405, N. S., of the city of Los Angeles, which provides: "It shall be unlawful for any person, firm, or corporation to erect or maintain any tent or movable structure of any kind whatsoever in that portion of the city of Los Angeles described in section 31 hereof as the fire limits." He claims that such custody is unlawful, because the structure maintained by petitioner is a small tent-house in which he is, and was at the date of the passage of the ordinance, engaged in business.  The authority of the council to adopt an ordinance, either under the charter or otherwise, by which the maintenance of a structure erected before the date of the passage of the ordinance may be made unlawful, is challenged.

There is nothing pleaded dehors the ordinance by virtue of which petitioner claims that the same is unreasonable, oppressive, or void as applying to his property distinguished from

other property within the fire limits. The police power of a city is derived from the constitution (article XI, section 11), and not alone from the charter. The subject matter of the ordinance is referable to the police power. "In order to protect the property of all its citizens from the ravages of fire [the council] may establish fire limits, and regulate or prevent the use of wooden buildings within such limits; and although this may disturb the enjoyment of the rights of an individual he is, in contemplation of law, compensated by sharing the general benefits derived from it." (*Ex parte Fiske,* 72 Cal. 127, [13 Pac. 310]; *Ex parte Lacey,* 108 Cal. 330, [49 Am. St. Rep. 93, 41 Pac. 411].) The legislative body, being the sole judge of the necessities for regulation, the same, on its face being reasonable, will be so presumed. (*In re Smith,* 143 Cal. 370, [77 Pac. 180].) "It is settled law that all property is held subject to the exercise of police power, and that the provisions of the constitution, . . . declaring that property shall not be taken without due process of law, have no application in such cases." (*Odd Fellows' Cem. Assn.* v. *San Francisco,* 140 Cal. 235, [73 Pac. 987].) This ordinance is in no sense class legislation. It applies to all persons similarly situated.

The prayer of the petitioner is denied, and the prisoner remanded.

Gray, P. J., and Smith, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 27, 1906.