[Crim. No. 713.  First Appellate District.—January 28, 1918.]

## THE PEOPLE, Respondent, v. CHARLES SMITH, Appellant.

CRIMINAL LAW—CARRYING CONCEALED WEAPONS WITHOUT LICENSE—
    CONSTITUTIONALITY OF ACT OF 1917.—Section 3 of chapter 145 of
    the Statutes of 1917 (Stats. 1917, p. 221), providing that every per-
    son who carries in any municipal corporation any pistol or other
    firearm concealed upon his person without a license, shall be guilty
    of a misdemeanor, and of a felony if previously convicted of any

felony or of any crime made punishable by the act, is a reasonable
police regulation.

ID.—HEAVIER PENALTY FOR PREVIOUS OFFENDERS—ACT NOT CLASS LEGIS-
LATION.—Such act is not objectionable as class legislation, from the
fact that it provides a heavier penalty for one who has been previ-
ously convicted of a felony than for one who has suffered no prior
conviction, since it operates uniformly upon all persons in the same
category and there being a reasonable basis for the classification.

ID.—ACT NOT EX POST FACTO.—Such act is not, on account of the pro-
vision prescribing a heavier penalty for one previously convicted of
a felony, an *ex post facto* law.

ID.—CARRYING OF WEAPONS—SUBJECT FOR STATE REGULATION.—The sub-
ject of carrying weapons is a proper one for state legislation, and is
not purely a municipal affair.

APPEAL from a judgment of the Superior Court of Ala-
meda County. F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

R. M. Royce, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan,
Deputy Attorney-General, for Respondent.

LENNON, P. J.—The defendant was charged with the
violation of section 3 of chapter 145 of the Statutes of 1917.
The information also charged him with a prior conviction of
grand larceny. Upon his arraignment the defendant pleaded
guilty of the crime charged, and admitted the prior convic-
tion. The indeterminate sentence provided by law was
thereupon imposed, directing that the defendant be taken
and confined in the state prison at San Quentin for a period
not to exceed five years.

This is an appeal from the judgment in which the only
question raised is as to the constitutionality of the section
of the statute under which defendant was charged and
convicted.

That section reads: ''Every person who carries in any city,
city and county, town or municipal corporation of this state
any pistol, revolver, or other firearm concealed upon his per-
son, without having a license to carry such firearm as here-
inafter provided in section six of this act, shall be guilty of
a misdemeanor, and if he has been convicted previously of

any felony, or of any crime made punishable by this act, he is guilty of a felony." (Stats. 1917, p. 221.)

The section in question is a reasonable police regulation. (*Ex parte Cheney,* 90 Cal. 617, [27 Pac. 436] ; *Ex parte Luening,* 3 Cal. App. 76, [84 Pac. 445].)

While the statute provides a heavier penalty for one who has been previously convicted of a felony than for one who has suffered no prior conviction, nevertheless it operates uniformly upon all persons in the same category, and there is a reasonable basis for the classification. Therefore it is not objectionable as class legislation.

Nor does the provision prescribing a heavier penalty for one previously convicted of a felony render the law *ex post facto.* "A law is not objectionable as *ex post facto* which, in providing for the punishment of future offenses, authorizes the offender's conduct in the past to be taken into the account and the punishment to be graduated accordingly." (*Ex parte Gutierrez,* 45 Cal. 429.)

The objection that the subject of carrying weapons is purely a municipal affair is not well taken. The prevention and punishment of crime is always a proper subject for state legislation.

Judgment affirmed.

Beasly, J., *pro tem.,* and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 28, 1918.