[Crim. No. 1099. Second Appellate District, Division One.—October 30, 1924.]

## THE PEOPLE, Respondent, v. JOSEPH CAMPERLINGO, Appellant.

[1] CRIMINAL LAW—POSSESSION OF PISTOL AFTER PRIOR CONVICTION OF FELONY — IDENTIFICATION OF DEFENDANT — EVIDENCE — HARMLESS ERROR.—In this prosecution on a charge of possession of a pistol

1. Enhancing penalty for crime by habitual criminal or prior offender, notes, 34 L. R. A. 398; 24 L. R. A. (N. S.) 431; 48 L. R. A. (N. S.) 204.

after a previous conviction of a felony, the alleged error of the trial court in admitting certain testimony going to the identification of defendant as the person who had theretofore been convicted of a felony was harmless, where the fact of defendant's prior conviction of a felony was established by evidence other than that to which objection was made.

[2] ID.—CONFESSIONS — ADMISSIONS — VOLUNTARY CHARACTER. — The rule requiring the prosecution to show that a confession was made freely and voluntarily, without promise of immunity or of reward therefor, does not apply to mere admissions.

[3] ID.—VOLUNTARY CHARACTER OF ADMISSIONS—ABSENCE OF FOUNDATION—WAIVER OF OBJECTION.—Where the record on appeal discloses the fact that at no time was any objection interposed to any of the questions asked of any of the several witnesses who testified regarding defendant's admissions, and that no motion was made by defendant to strike out such testimony, the contention on appeal that the district attorney committed prejudicial error in failing to show that defendant's admissions were not made under duress or promise of reward cannot be sustained.

[4] ID. — DEGREE OF CRIME COMMITTED IN OTHER STATE — STATUTORY CONSTRUCTION—CONSTITUTIONAL LAW.—The California statute providing that "no person who has been convicted of a felony against the person or property of another . . . shall own or have in his possession or under his custody or control any pistol," etc., is not discriminatory and unconstitutional by reason of the fact that a designated criminal act might be a felony in one state, whereas the identical act in another state may be only a misdemeanor or no criminal act whatsoever, as section 17 of the Penal Code defines a felony as a crime punishable with death, or by imprisonment in the state prison, and that statute is necessarily the gauge in this state by which the guilt or innocence of a defendant with reference to any prior conviction of a felony must be determined.

[5] ID.—PLEADING—PROOF—VARIANCE.—The prosecution having introduced in evidence an exemplified copy of the judgment on defendant's conviction of a felony in another state, from which it appeared that the offense for which defendant was convicted was that of burglary, such evidence was sufficient to support the allegation in the indictment that defendant had been "convicted of a felony against the property of another, to wit, of the crime of burglary," notwithstanding the evidence as to defendant's admissions was that he was convicted of receiving stolen property or for carrying bombs in his car.

2. When confession voluntary, notes, 18 L. R. A. (N. S.) 768; 50 L. R. A. (N. S.) 1077. See, also, 1 R. C. L. 580; 8 Cal. Jur. 116.

[6] ID.—BILL OF ATTAINDER — EX POST FACTO LAW—CONSTITUTIONAL
LAW.—The provision of the act of the legislature (Stats. 1923,
p. 695) that "no person who has been convicted of a felony against
the person or property of another . . . shall own or have in his
possession or under his custody or control any pistol," etc., is
not a bill of attainder, as the defendant is not to be punished
without a trial, and the commission of some offense, to wit, defend-
ant's possession of firearms, must not only be judicially established,
but likewise the additional fact of his previous conviction of a
felony; neither is such statute *ex post facto,* in that it makes
punishable any act otherwise proper and lawful, to wit, the posses-
sion of firearms, because prior to the passage of such statute a
· person had been convicted of a felony.

[7] ID.—RIGHT TO BEAR ARMS—POLICE POWER—REASONABLE CLASSIFI-
CATION.—The right of a citizen to bear arms is not acquired from
any constitutional provision and, like any other natural right, is
subject to regulation or, in proper cases, entire destruction, under
the police power of the state; and the provision of the act of the
legislature (Stats. 1923, p. 695) that persons heretofore convicted
of a felony shall not possess firearms does not constitute an un-
reasonable classification of the citizens of the state.

[8] ID.—CONSTITUTIONAL LAW—JUDICIAL CONSTRUCTION.—In the ab-
sence of a clear abuse of legislative discretion, where the subject
of the act relates to the exercise of the assumed powers, the courts
are unauthorized to interfere with a construction unfavorable to
constitutionality.

[9] ID.—DUE PROCESS—DEPRIVATION OF RIGHT TO BEAR ARMS.—The
act of the legislature (Stats. 1923, p. 695) relating to the carrying
of firearms being within the police power of the state, the con-

(1) 17 C. J., p. 321, sec. 3664.   (2) 16 C. J., p. 629, sec. 1247.   (3)
17 C. J., p. 56, sec. 3331, p. 71, sec. 3336.   (4) 12 C. J., p. 1133, sec.
858; 16 C. J., p. 1340, sec. 3152.   (5) 16 C. J., p. 1345, sec. 3165.
(6) 12 C. J., p. 1107, sec. 817, p. 1108, sec. 823.   (7) 12 C. J., p. 928,
sec. 438 (Anno.), p. 1140, sec. 873.   (8) 12 C. J., p. 788, sec. 220.   (9)
12 C. J., p. 1197, sec. 962.

6. What are *ex post facto* laws, note, 37 Am. Rep. 582.
Special punishment for second offense or habitual offenders as
*ex post facto* law, notes, 3 Ann. Cas. 77; Ann. Cas. 1915C, 1058.
See, also, 6 R. C. L. 300; 7 Cal. Jur. 844.

7. Right to keep and bear arms, notes, 115 Am. St. Rep. 199; 1
Ann. Cas. 56; 7 Ann. Cas. 927; 17 Ann. Cas. 570; Ann. Cas. 1913B,
333.
Validity of statutes against carrying concealed weapons, note, 25
Am. Rep. 561.

8. See 5 Cal. Jur. 612.

9. Police power and the fourteenth amendment, notes, 25 Am.
Rep. 882, 888. See, also, 6 R. C. L. 229; 5 Cal. Jur. 882.

tention that said statute deprives a person of private property without due process of law cannot be sustained.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. P. Doyle and Matthews & Walter for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and John L. Flynn for Respondent.

HOUSER, J.—Defendant was convicted of the offense of having in his possession a pistol after a previous conviction of a felony. He appeals from the judgment and from an order denying his motion for a new trial.

[1] The first point made for reversal of the judgment relates to the alleged erroneous admission by the court of certain testimony going to the identification of defendant as the person who had theretofore been convicted of a felony. But inasmuch as the fact of defendant's prior conviction of a felony was established by evidence other than that to which objection is made, the error (assuming it to be such and that it did not result in a miscarriage of justice) was harmless.

Prejudicial error is also predicated upon the fact that the prosecution did not show that defendant's admissions were not made under duress or promise of reward. Appellant cites no authority to support such specification of error. [2] However, it may be stated that the rule requiring the prosecution to show that a confession was made freely and voluntarily, without promise of immunity or of reward therefor, does not apply to mere admissions. (*People* v. *Ford,* 25 Cal. App. 388, 418 [143 Pac. 1075].) [3] Furthermore, the record discloses the fact that at no time was any objection interposed to any of the questions asked of any of the several witnesses who testified regarding defendant's admissions; nor was any motion made by defendant to strike out such testimony. In the circumstances appellant's contention cannot be sustained.

[4] The statute under which defendant's conviction was had provides, among other things, that "no person who has

been convicted of a felony against the person or property of another . . . shall own or have in his possession or under his custody or control any pistol,'' etc. (Stats. 1923, p. 695.) Appellant urges that in one state a felony might consist in the commission of a designated criminal act, but which identical act in another state might be either a misdemeanor or no criminal act whatsoever; and consequently that the statute is discriminatory and unconstitutional. The statute, however, must be construed in the light of existing laws. Section 17 of the Penal Code defines a felony as a crime punishable with death, or by imprisonment in the state prison, and that statute is necessarily the gauge in this state by which the guilt or the innocence of a defendant with reference to any prior conviction of a felony must be determined.

[5] It is next contended by appellant that there is no evidence to sustain the verdict that defendant was guilty ''as charged in the indictment''—the specific point being that the indictment charged that the defendant had ''in his possession a pistol after previous conviction of a felony''; and that defendant had been ''convicted of a felony against the property of another, to wit, of the crime of burglary''; whereas, the evidence as to the defendant's admissions was that he was convicted of receiving stolen property, or ''for carrying bombs in his car.'' The transcript of the proceedings had on the trial shows that an exemplified copy of the judgment on defendant's conviction of a felony in another state was introduced in evidence, from which it appears that the offense for which defendant was convicted was that of burglary. The allegation contained within the indictment is thus supported by the evidence, and the verdict in that particular is therefore legally unassailable.

Appellant further urges the unconstitutionality of the statute under which defendant was prosecuted. It is contended that the statute is a bill of attainder in that in effect, because of an offense committed prior to the passage of such act, it deprives a citizen of a substantial part of his right of self-defense, and that it fixes punishment without judicial trial for a past offense. Appellant also claims that the statute is *ex post facto,* in that it makes punishable an act otherwise proper and lawful, to wit, the possession of fire-

arms, because prior to the passage of the act a person had been convicted of a felony. A bill of attainder has been defined as "a legislative act which inflicts punishment without a judicial trial"; and an *ex post facto* law is one *which,* among other things, may either aggravate a crime, make it greater than it was when committed, or which changes the punishment therefor and inflicts a greater punishment than was provided for when the crime was committed. (*Cummings* v. *Missouri,* 4 Wall. (U. S.) 277 [18 L. Ed. 356, see, also, Rose's U. S. Notes].) [6] That by the terms of the statute in question defendant is not to be punished without a trial is readily apparent. The commission of some offense, to wit, defendant's possession of firearms, must not only be judicially established, but likewise the additional fact of his previous conviction of a felony.

Regarding the point that for a past offense, to wit, the crime of burglary, for the commission of which defendant was first convicted, the statute in question seeks to deprive defendant of a substantial part of his right of self-defense— in other words, to punish him for an offense which was committed prior to the enactment of the statute here under consideration—it may be said that legislation of a similar character has heretofore received judicial approval in the case of *People* v. *Smith,* 36 Cal. App. 88 [171 Pac. 696], where the statute under consideration provided that any person who (without a license therefor) carried a firearm concealed on his person should be guilty of a misdemeanor, or of a felony, if previously convicted of a felony. It was there held that the act was a reasonable police regulation, not objectionable as class legislation and not *ex post facto* because providing a heavier penalty for a·person charged with an offense who previously had been convicted of a felony.

In the case entitled *Ex parte Gutierrez,* 45 Cal. 429, the validity of a statute which provided in substance that any person convicted a second time of the crime of petty larceny should be deemed guilty of a felony, was considered and the conclusion reached that the act was not *ex post facto.* The court quoted with approval from Cooley on Constitutional Limitations, as follows: "A law is not objectionable as *ex post facto* which, in providing for the punish-

ment of future offenses, authorizes the defendant's conduct
in the past to be taken into account, and the punishment to
be graduated accordingly. Heavier penalties are often pro-
vided by law for a second or any subsequent offense than for
the first, and it has not been deemed objectionable that in
providing for such heavier penalties the prior conviction
authorized to be taken into account may have taken place
before the law was passed. In such cases it is the second
or subsequent offense that is punished, not the first." See,
also, *People* v. *King,* 64 Cal. 338 [30 Pac. 1028]; *People* v.
*Stanley,* 47 Cal. 113 [17 Am. Rep. 401]; *Commonwealth*
v. *Graves,* 155 Mass. 163 [16 L. R. A. 256, 29 N. E. 579];
and authorities in note to case entitled *In re Miller,* 34
L. R. A. 398. As is said in *Moore* v. *Missouri,* 159 U. S.
673 [40 L. Ed. 301, 16 Sup. Ct. Rep. 179, see, also, Rose's
U. S. Notes]: "The increased severity of punishment for a
second offense is not a punishment for the same offense a
second time." In this connection, see *People* v. *Coleman,*
145 Cal. 609 [79 Pac. 283], where the defendant was con-
victed a second time on a charge of robbery and for which
offense the statute provided an increase in punishment over
persons convicted the first time of such a charge, and wherein
it was held that the increased punishment was not for the
prior conviction, but was solely for the aggravation of the
second offense, which merited a greater punishment.

In the *Matter of Application of Rameriz,* 193 Cal. 633
[34 A. L. R. 51, 226 Pac. 914], in which the statute here
involved, was under consideration, particularly as affecting
the right of an alien to have a firearm in his possession, it
is held that the statute is constitutional. It is there pointed
out that the right to keep and bear arms is not a right guar-
anteed either by the federal constitution or by the state
constitution, and consequently that the legislature is "en-
tirely free to deal with the subject." The legislature of
this state has dealt "with the subject" by a classification of
its denizens and its citizens who shall have the right to possess
firearms. Such a classification, as is ruled in *People* v.
*Smith,* 36 Cal. App. 88 [171 Pac. 696], "operates uniformly
upon all persons in the same category, and there is a rea-
sonable basis for the classification."

Section 246 of the Penal Code declares that "every person undergoing a life sentence in a state prison of this state, who, with malice aforethought, commits an assault upon the person of another with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury, is punishable with death." In the case of *People* v. *Finley,* 153 Cal. 59 [94 Pac. 248], it is held that such a classification is unobjectionable and that the statute is constitutional. To the same effect are *People* v. *Quijada,* 154 Cal. 243 [97 Pac. 689]; *People* v. *Carson,* 155 Cal. 164 [99 Pac. 970]; *People* v. *Oppenheimer,* 156 Cal. 733 [196 Pac. 74].

[7] It therefore becomes apparent that the right of a citizen to bear arms is not acquired from any constitutional provision, and while it may be said that by the operation of the statute under consideration a citizen is deprived of one of his natural rights in that his ability to better defend himself from personal violence if offered will be somewhat lessened, such right is no greater than or different in character from any other natural right possessed by him. It is clear that in the exercise of the police power of the state, that is, for the public safety or the public welfare generally, such rights may be either regulated or, in proper cases, entirely destroyed. Acting within the scope of such power, the legislature, by a proper classification of its citizens, has declared that persons heretofore convicted of a felony shall not possess firearms, and while such citizens are thus deprived of a natural right, in the judgment and discretion of the legislature such deprivation tends directly to the accomplishment of the desired end. As has been indicated by the authorities cited herein, a reasonable basis exists for the classification of citizens of the state in the manner provided by the statute, and there can be no question of the uniformity of its operation upon all persons within the designated class.

[8] The rule is unquestioned that in the absence of a clear abuse of legislative discretion, where the subject of the act relates to the exercise of the assumed powers, the courts are unauthorized to interfere with a construction unfavorable to constitutionality.

Appellant further urges that the statute is unconstitutional in that it gives to the legislatures of states other than Cali-

fornia the power to enact new laws, or to amend existing laws, in effect defining felonies in California, and that the people of this state are powerless to invoke the referendum as to such enactments. The answer to such contention may be found in the fact, as heretofore set forth, that what constitutes a felony is defined by our laws, which would be entirely unaffected by any statute enacted by any other state with reference thereto.

[9] It is finally contended by appellant that the statute in question is unconstitutional in that it deprives a person of private property without due process of law. The rule applicable to the facts herein is clearly set forth in 5 California Jurisprudence, page 882, wherein it is said: "All property is held subject to the exercise of the police power, and provisions of the constitution declaring that property shall not be taken without due process of law have no application to cases where such power is lawfully exercised" (citing many California cases). The statement in *Matter of Application of Rameriz*, 193 Cal. 633 [34 A. L. R. 51, 226 Pac. 914], is that "private property rights of individuals are required to yield when in conflict with reasonable police regulations." Because of the conclusions heretofore indicated, that the act in question is within the police power of the state, it follows that appellant's contention that by the statute private property is taken without due process of law cannot be sustained.

No prejudicial error appearing in the record, it is ordered that the judgment and the order denying the motion for a new trial be and the same are affirmed.

Curtis, J., concurred.

CONREY, P. J., Concurring.—I concur in the judgment. If the evidence had proved that the defendant acquired his ownership of the weapon before the statute went into effect, I would hold that he may not, by mere legislative fiat, be convicted of a crime for continuing to own and possess that which had lawfully become his property. A person may not thus be deprived of his property without due process of law. But the only evidence here is that he possessed the weapon several months after the act in question became a law. This was, *prima facie*, an unlawful possession by him,

since he had been convicted of a felony against the property of another. In the absence of any other evidence, I think that appellant is not in a position where he can successfully contend that the effect of the statute is to deprive him of property without due process of law.