[Civ. No. 3605. Fourth Dist. Oct. 10, 1946.]

ART STERNALL, Appellant, v. BERT STRAND, as Sheriff, etc., et al., Respondents.

G. A. Little for Appellant.

Arthur Mohr and Ralph B. Herzog as amici curiae on behalf of Appellant.

Thomas Whelan, District Attorney, and Carroll H. Smith, Chief Trial Deputy District Attorney, for Respondents.

BARNARD, P. J.—This is a claim and delivery action in which the plaintiff seeks to recover the possession of 12 coin-operated pinball and slot machines which had been seized by the defendant sheriff. Five of these machines had been seized under a search warrant issued in a criminal case charging the plaintiff with the crime of possession of such machines in violation of County Ordinance No. 278 (New Series). The other seven were seized under the confiscation and seizure provisions of the same ordinance. The answer of the defendant, in addition to allegations relating to the illegality of the machines, alleged that they were held for and intended to be used as evidence in the trial of the criminal action, which was still pending at the time of the trial of this action.

It appears that these machines were of three general types or kinds. In the first group there were four machines, each being so designed and constructed as to automatically pay off rewards in the form of slugs, tokens or money, and each being so constructed that it could not well be used in any other manner. At the time of seizure these machines were in a storeroom used in connection with a cafe operated by the plaintiff. At the time, they were not loaded with money or tokens and were partially dismantled and some were lacking in certain parts, which the plaintiff testified he had removed and used on some automatic phonographs. He testified that two of

these machines could be put in operating condition with three or four hours' work but that he could not obtain new parts for the other two. No reason appears, however, why the parts which had been removed could not be returned and replaced.

The second group consisted of six 5-ball pinball machines which were so constructed as to automatically indicate ''free games'' when certain scores were obtained. The third group consisted of two machines, both of which were ''score machines'' and neither of which was so constructed as to indicate the allowance of free games. The machines in the second and third groups had no mechanism for the automatic paying of rewards in the form of slugs, checks or money but there was testimony that these machines, as well as those in the first group, were adaptable to paying off over the counter by arrangement between the owner or possessor and the player.

The court found that each of the machines in question is of the type and kind defined and described in County Ordinance No. 278 (New Series) ; that under the terms of said ordinance the ownership and possession of said machines and devices were and are unlawful; that the seizure and detention of said machines by the defendant were duly and properly made and done pursuant to the terms of this ordinance; that the terms and provisions of this ordinance are not unreasonable or discriminatory or duplicative of the penal laws of the state regarding gambling; and that the provisions of this ordinance are additional to, in aid of and supplemental to, the terms and provisions of the state penal laws and not inconsistent or in conflict therewith. Judgment was entered in favor of the defendant sheriff and the plaintiff has appealed.

The appellant first contends that this ordinance is a duplication of and in conflict with sections 330a and 335a of the Penal Code, and is therefore invalid. This ordinance differs materially from these provisions of the Penal Code in that it clearly and definitely makes unlawful the possession of any machine or device coming within its provisions, whereas the corresponding provisions of the state law forbid only the operation or use of such a machine or device. Section 1 of this ordinance makes unlawful the possession of ''any pinball or marble machine or device as hereinafter defined.'' It then provides that:

''Any machine, apparatus or device is a pinball or marble machine or device within the provisions of this section if it is one that is adapted, or may readily be converted into one

that is adapted, for use in such a way that, as a result of the insertion of any piece of money or coin or other object such machine or device is caused to operate or may be operated, and by reason of any element of chance or of other outcome of such operation unpredictable to him, the user may receive or become entitled to receive any piece of money, credit, allowance or thing of value, or any check, slug, token or memorandum, whether of value or otherwise, which may be exchanged for any money, credit, allowance or thing of value, or which may be given in trade, or the user may secure additional chances or rights to use such machine, apparatus or device. . . .''

Section 3 of this ordinance also provides that in addition to any other remedy any such machine or device may be seized and then may be destroyed if an action to recover possession is not brought within thirty days after the posting of notice of intention so to do.

■ It is well settled that in a case of this kind, where the state has not attempted to cover the entire field, local regulations in the form of additional requirements will be upheld where they are reasonable and are not in conflict with the provisions of the general law. (*Pipoly* v. *Benson,* 20 Cal.2d 366 [125 P.2d 482, 147 A.L.R. 515] ; *In re Portnoy,* 21 Cal.2d 237 [131 P.2d 1].) ■ In the instant case, the right to seize and hold these machines was, and is, based entirely upon the fact that they were found in the possession of the appellant. Insofar as material here, there is no duplication in this regard as between the provisions of the county ordinance and those of the state law. It follows that the ordinance is not invalid for this reason.

■ .The most important question presented is whether the provisions of this ordinance, forbidding and making illegal the mere possession of coin-operated machines or devices of the kind here in question, are sufficiently reasonable to bring them within the proper exercise of the police power. The appellant argues that the provisions of the ordinance are unreasonable and beyond the scope of such police power: With respect to the four automatic pay-off machines, since they were in storage and partially dismantled; with respect to the six pinball machines which provide for ''free games,'' since they are merely amusement machines and not necessarily or in themselves adapted to gambling; and with respect to the

other two machines since they are merely amusement machines with not even any provision for the giving of free games.

With respect to the four automatic pay-off machines in the first group this contention is clearly untenable. These machines were not only so constructed that they were adapted to gambling, but in such a manner that they could not well be used for any other purpose. The mere fact that they were partially dismantled could not be controlling; if it were, the way would be opened for a quick and easy evasion of the law, in the case of any such machine, by the speedy removal of some part thereof on the approach of an officer. If it be needed, ample authority exists for holding that the outlawing of the mere possession of machines or devices which can only be used for gambling is a reasonable exercise of the police power. (*In re O'Shea*, 11 Cal.App. 568 [105 P. 776]; *People v. Velarde*, 45 Cal.App. 520 [188 P. 59]; *Ex parte Cheney*, 90 Cal. 617 [27 P. 436]; *Matter of Yun Quong*, 159 Cal. 508 [114 P. 835, Ann.Cas. 1912C 969]; *Murphy v. California*, 225 U.S. 623 [32 S.Ct. 697, 56 L.Ed. 1229]; *In re Hixson*, 61 Cal.App. 200 [214 P. 677]; *Purity Extract & Tonic Co. v. Lynch*, 226 U.S. 192 [33 S.Ct. 44, 57 L.Ed. 184].)

A somewhat closer question is presented in this regard with respect to the application and effect of the provisions of this ordinance upon the other groups of machines here in question, the six pinball machines automatically providing for "free games" and the other two machines with no such provision. Sections 11 and 12 of this ordinance state as the reason for its adoption that the two preceding grand juries had found as a fact, after a considerable investigation of the operation of pinball or marble machines and other similar devices, that in practically all parts of San Diego County machines of this type are operating in general violation of the gambling laws of the state; that without gambling, directly or indirectly, these machines cannot be financially successful; that with gambling profits from these machines are enormous; that as a practical matter it is beyond the power of the enforcement officers to control the operation of these machines and compel compliance with the laws against gambling; that the intake of huge sums by the operators of such machines places great power in their hands which they use in an attempt to secure immunity for themselves and for their unlawful operations; that the operation of these machines has become a racket and constitutes a menace to good govern-

ment; and that as long as these machines continue in operation there can be no considerable improvement in the county with reference to proper enforcement of the laws and to good government. It is further stated that the last two grand juries had requested the adoption of such an ordinance.

The general situation thus described is well known throughout this state. If it be assumed that we may not take judicial notice of these things and of the attendant evils which have given rise to a situation which is a serious reflection on the law, on public officers and on good government, there is nothing in the record before us which compels us to hold that the board of supervisors was not cognizant of conditions in San Diego County which reasonably called for action of this nature, or that the board acted beyond what was reasonable in view of conditions either known or believed by it to require action, even to the extent of prohibiting the mere possession of machines and devices which can be, and are, so easily and frequently changed from an ostensibly innocent use to one which is not only evil in itself but which, as a practical matter, encourages and leads to many other evils, against all of which the board was attempting to guard. ■ It is the usual rule that a court will not hold an ordinance void as unreasonable where there is room for a fair difference of opinion on the question, and that the question as to the reasonableness of an ordinance is primarily one for the legislative authority. (McQuillin Mun. Corp., vol. 2, rev. § 767; *In re Newell,* 2 Cal.App. 767 [84 P. 226]; *In re Smith,* 143 Cal. 368 [77 P. 180].)

■ The question of fact, as to the reasonableness of this ordinance, has been passed upon by the board of supervisors and by the trial court. We find nothing in the ordinance itself or in the evidence which was received which makes it incumbent upon us to reverse the decision of fact so made. In view of the prevalence of these devices, past experience with the ingenuity of the makers and operators of such devices in adapting them to law evasion, their tendency and adaptability to developing and fostering the gambling instinct, and their well known temptation to school children and minors, it would be a perversion of justice and of the power of the courts to hold that such devices were merely laudable instruments of entertainment, and that an ordinance forbidding the possession of such machines is unreasonable, unconnected with any lawful purpose, and an arbitrary and unwarranted inter-

ference with legitimate and useful business and not within the broad scope of the police powers which, in so many other instances, have been invoked to regulate and prevent less widespread and less serious evils. What we have said applies to the two machines in the third group as well as to the six machines in the second group. Any difference between the two types of devices is one of degree only. The score indicated on the machine may well be taken as a token or memorandum which may be exchanged for something else. The possibility and probability of abuse and improper use is equally present in both instances.

The reasoning applied by the Supreme Court of Alabama in *State* v. *One 5c Fifth Inning Baseball Machine*, 241 Ala. 455 [3 So.2d 27] is applicable here. The reasons for the adoption of the ordinance in this form and the purposes sought to be accomplished thereby appear reasonable and sufficient, and it cannot be held, under the circumstances, that this ordinance is unconstitutional as being one not within the scope of the police powers.

Two other points raised by the appellant require no detailed consideration. One is entirely immaterial in this matter, and the other is not supported by the record and is obviously without merit.

The judgment is affirmed.

Griffin, J., concurred.

A petition for a rehearing was denied November 1, 1946, and appellant's petition for a hearing by the Supreme Court was denied December 5, 1946. Schauer, J., voted for a hearing.