[Civ. No. 3468.   Fourth Dist.   Oct. 17, 1947.]

DICK SHARPE, Appellant, v. PAUL H. JOHNSON, as Chief of Police, etc., Respondent.

Adrian Marks for Appellant.

Jack J. Rimel, City Attorney (Laguna Beach), for Respondent.

GRIFFIN, J.—Plaintiff and appellant seeks an injunction against defendant and respondent, as Chief of Police of the city of Laguna Beach, prohibiting him from enforcing a city ordinance in respect to possession of certain "Goalee" machines or devices in places of business or other places of public resort, which ordinance declares such devices and equipment to be a nuisance, provides for the abatement thereof, and for penalties for its violation. Section 2 of the ordinance provides:

"It shall be unlawful for any person, firm, or corporation to keep, maintain, possess or have under control in any place of business or in any other place of public resort . . . any 'table game,' or . . . 'marble game' . . . or any device similar thereto, the operation, use or play of which is set into operation or controlled by placing therein any coin . . . or by the payment of any fee."

It is admitted that the "Goalee Machines," as alleged in the complaint, come within the provisions of section 2.

Plaintiff alleges generally that he is the owner of certain coin-operated amusement machines called the "Goalee Machines"; that there are no prizes offered for scoring in said games; that there are no free games allowed for scoring any score; that said games are merely for the purpose of amusement; that plaintiff is engaged in the business of placing these machines in various places of business; that he receives a percentage of the proceeds; that he has entered into agreements with several business places in said city to place and operate said machines; that the city has no ordinance requiring that a license be obtained for the operation of this type of machine; that he has made oral application to the defendant for permission to operate the machines in said places of business in said city and that defendant refused him permission so to do; that if plaintiff installs said machines therein, as aforesaid, defendant will have plaintiff arrested under said ordinance and that plaintiff will be deprived of his right to engage in a lawful and legal business; that the ordinance in question is an arbitrary and discriminatory exercise of the police power and amounts to the taking of property of plaintiff without due process of law, and the impairment of his property rights under the Fourteenth Amendment to the Constitution of the United States; and that unless defendant is restrained by the judgment of the court he will carry out his threats and plaintiff will be subjected to a multiplicity of suits. He prays that the ordinance be declared null and void and asks that defendant be enjoined from enforcing the ordinance

A demurrer was interposed, claiming that the complaint does not state facts sufficient to constitute a cause of action. It was sustained without leave to amend. Judgment of dismissal followed.

On appeal, plaintiff argues that the police power of a municipality does not extend so far as to allow the municipality, by ordinance, to "absolutely prohibit simple amusement" which, in itself, is a legitimate and lawful business and is not inherently vicious and dangerous. (Citing *In re Hall*, 50 Cal.App. 786 [195 P. 975].) That action grew out of an ordinance which prohibited dancing between certain hours in the city of Pasadena. In holding that such ordinance unduly interfered with personal rights and reasonable use of the property, the court said:

"The ordinance does not confine the prohibited acts to any particular locality or to buildings in any particular part of the city; nor does it differentiate between public dance halls—admittedly proper subjects for reasonable regulation in the exercise of the police power—and rooms in private homes wherein dancing may be conducted or dance-music performed for the amusement and enjoyment of the householders, members of their families and guests."

*Ex parte Murphy,* 8 Cal.App. 440 [97 P. 199], also relied upon by defendant, involved an ordinance prohibiting the maintenance of any billiard hall or poolroom in a *public place* in South Pasadena, excepting hotels which had obtained permits. There it was conceded that the business of conducting a public billiard hall and poolroom was not *per se* a nuisance. It was pointed out that the provisions of the ordinance did "not apply to the individual who keeps a pool-table in his house for the use of himself or guests, nor to the hotelkeeper who maintains tables for use of *bona fide* guests only. In neither case can it be said to be public, nor that it creates in either a monopoly of the business. All are alike amenable to the law prohibiting them from conducting such place for hire or public use." It was there held that "The question of the reasonableness of ordinances regulating the conduct of such business, and excluding their operation from or confining it to certain prescribed limits, as well as the uniform operation of the same, is always a proper subject for judicial inquiry." (See, also, *Ex parte Meyers,* 7 Cal.App. 528 [94 P. 870]; and *Goytino* v. *McAleer,* 4 Cal.App. 655 [88 P. 991].)

We do not construe the ordinance as *"absolutely"* prohibiting the possession or operation of the "simple amusement" in that city, but it only provides that such form of amusement shall not be maintained or kept "in any place of business . . ." or "other place of public resort." It appears to us, therefore, that the ordinance is not necessarily prohibitory but may be considered regulatory only, and, accordingly, comes within the scope and purview of the police power of said city.

*In re Lawrence,* 55 Cal.App.2d 491 [131 P.2d 27], appears to us to be directly in point. It involved maintenance of such devices as "pin games" or "marble games." It was there held that the activity in maintaining such games was subject to municipal regulatory measures and was within the scope

of the police power, and that an ordinance providing it shall be unlawful to keep or maintain such devices "in places of business or in any other place of public resort" but permitting such games at private houses or in certain delineated amusement zones, has the same force within the limits of the municipality as a statute has throughout the state and is not prohibitory but regulatory only, and as such is within the scope and purview of the police power, and the question of its reasonableness is largely one resting in the discretion of the legislative body and not one within the province of the courts to interfere if such discretion has been reasonably exercised.

In *Sternall* v. *Strand*, 76 Cal.App.2d 432 [172 P.2d 921] (hearing denied by the Supreme Court) a similar question was presented in reference to the possession of pin-ball machines automatically providing for "free games," which possession was prohibited under an ordinance of the county of San Diego. In that case the question of the attendant evils, which had given rise to a situation calling for action on the part of the board of supervisors in reference to the operation of such machines, was discussed. Sections 11 and 12 of that ordinance cited among the many other reasons for its adoption "that as a practical matter it is beyond the power of the enforcement officers to control the operation of these machines and compel compliance with the laws against gambling . . . that the operation of these machines has become a racket and constitutes a menace to good government; and that as long as these machines continue in operation there can be no considerable improvement in the county with reference to proper enforcement of the laws and to good government." It was there held that since the reasonableness of the ordinance was passed upon by the legislative authority, this court would not hold the ordinance void as unreasonable where there was room for a difference of opinion on the question; and that the question as to the reasonableness of the ordinance is primarily one for the legislative authority.

Judgment affirmed.

Barnard, P. J., concurred.

Mr. Justice Marks, being disqualified, did not participate herein.