Michele J. MARCHESE, Appellant,

v.

STATE OF CALIFORNIA (appeal filed sub nom. Paul T. Walker, Warden, Federal Correctional Institute), Appellee.

No. 74–2049.

United States Court of Appeals,
Ninth Circuit.

Sept. 17, 1976.

Richard G. Sherman (argued), Los Angeles, Cal., for appellant.

Stephen D. Petersen, Asst. U. S. Atty., and William R. Weisman, Deputy Atty. Gen. (both argued), Los Angeles, Cal., for appellee.

Before CHAMBERS, HUFSTEDLER, and GOODWIN, Circuit Judges.

GOODWIN, Circuit Judge:

Marchese was convicted in a California court of three handgun offenses. A condition of his parole from a former federal conviction proscribed possessing firearms. The federal parole was revoked. Marchese unsuccessfully appealed his state conviction.

He then petitioned for relief in federal district court, challenging his custody on grounds similar to those he had advanced in the California Court of Appeal. While this case was pending, he was released from federal custody. We therefore dismiss his appeal from the denial of the writ directed to the federal prison warden as moot.

Marchese contends that his California conviction is void because it is based upon illegally seized evidence. This point was fully litigated in the California courts and cannot be relitigated in a federal petition. *Stone v. Powell*, —— U.S. ——, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

Marchese also raises other points:

(1) He asserts that the California prohibition against the possession of handguns by felons violates the equal protection clause of the Fourteenth Amendment because the prohibition is overinclusive—it runs to felons convicted of violent and nonviolent crimes alike.

The right to bear arms, especially easily concealable handguns, is not the type of fundamental right to which the "compelling state interest" standard applies. *United States v. Synnes*, 438 F.2d 764, 771 n. 9 (8th Cir. 1971), *vacated on other grounds*, 404 U.S. 1009, 92 S.Ct. 687, 30 L.Ed.2d 657 (1972). *See, e. g., People v. Camperlingo*, 69 Cal.App. 466, 473, 231 P. 601, 604 (1924).

Also, felons may belong to a suspect classification, but not in any sense that helps the petitioner. There is a legitimate interest in minimizing the felonious use of firearms, and a legislature reasonably may decide that persons with criminal convictions have more of a tendency to commit a crime of violence than persons without criminal records. *United States v. Karnes*, 437 F.2d 284, 289 (9th Cir.), *cert. den.*, 402 U.S. 1008, 91 S.Ct. 2189, 29 L.Ed.2d 430 (1971). We find no basis for the petitioner's attack on the statute.

(2) Calif.Penal Code § 12091 creates a presumption that the possessor of a handgun without serial numbers was responsible for the alteration or obliteration of the serial numbers. Marchese asserts that the presumption is invalid under *Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969). The California Supreme Court has upheld the rationality of the presumption in § 12091. *People v. Scott*, 24 Cal.2d 774, 151 P.2d 517 (1944) (Traynor, J.). *Leary* in no way invalidates or supersedes *Scott*; therefore, there is no question of federal supremacy supplanting the reasoning of the California Supreme Court. Our only inquiry is whether the statute creates a constitutionally infirm presumption. It clearly does not, as the well-reasoned opinion of the California Supreme Court demonstrates.

(3) Marchese also complains that the state trial court erred when it did not give an instruction that the firearm had to be operable. We cannot improve on the district court's opinion on this matter and we adopt its reasoning here.[1]

---

1. "The Superior Court gave no special instruction that the weapon had to be operable. In addition, the judge refused to permit the defendant to claim that no evidence existed to support operability, on the ground that the loaded character of the weapon was evidence permitting an inference of operability. The Court of Appeal held that the requested instruction was unnecessary because the instructions actually given implied a requirement of operability. The appellate court observed that the only evidence on the question pointed towards operability and none pointed the other way.

"The Court agrees that the requested instruction was unnecessary in light of the instructions which were given. Furthermore, the petitioner's contentions focus largely on the form and language of instructions and the judge's exercise of discretion in giving them, matters which are primarily state-law questions. The suggested defect is not serious enough to raise Constitutional questions.

"Turning to the restriction on the final argument, the Court also agrees that the judge's ruling was warranted, since the presence of bullets in the gun was evidence furnishing an inference of operability. Under the circumstances, the restriction on argument was a matter within the judge's discretion. The exercise of that discretion was not only within his power, but the dispute over it is one about state law, not one with Constitutional overtones in this set of facts.

"The Court concludes that the judge's action did not deny petitioner either the right to jury trial or due process of law."

(4) During the rebuttal phase of the trial, the prosecution called Marchese's federal parole officer, Mr. Schwartz. Schwartz testified to a number of transactions he had with Marchese. The testimony contradicted the story Marchese had told the jury in his own defense.

Schwartz testified from handwritten notes which he distilled from Marchese's case file. The prosecution had seen the whole file. The defense moved, and the trial court ordered, that Schwartz should produce the entire file, in camera, so that the defense should have an opportunity to discover information in it which may have been valuable for cross-examination. Schwartz, on advice of an Assistant U. S. Attorney, refused to produce the file on the authority of 28 C.F.R. §§ 16.11–16.14. He was not held in contempt. Despite Marchese's objection, the trial court did not strike Schwartz's testimony.

Marchese claims that the ruling of the state court denied him his Fifth and Sixth Amendment rights. Marchese lost his state appeal on the state law question (that the trial court violated § 771, Calif.Evid.Code), and had to confront the adverse authority of *People v. Parham,* 60 Cal.2d 378, 33 Cal. Rptr. 497, 384 P.2d 1001 (1963), *cert. den.* 377 U.S. 945, 84 S.Ct. 1353, 12 L.Ed.2d 308 (1964).

Again, our inquiry is limited to prejudicial error of constitutional proportion. While the procedure followed was unusual, we cannot say that Marchese was denied a sufficient opportunity to confront his accuser. Schwartz was on the stand and he was testifying from his own recollection, albeit refreshed, of the transactions between himself and Marchese. Schwartz made some mistakes on the stand which were easily demonstrated to the jury. True, a fishing expedition through Marchese's probation file might have made cross-examination on collateral issues more effective, but on the main issues of fact involved, Marchese had adequate opportunity to cross-examine. Marchese was allowed to see the notes from

which Schwartz testified and to cross-examine Schwartz fully. Any failure to afford him a more perfect opportunity does not amount to error of constitutional magnitude. It is difficult to conceive of anything further that could have helped Marchese if the file had been made available.

Affirmed.